FARNSWORTH *versus* ROWE & *al.*

A subscribing witness to a note need not write thereon for what purpose he affixes his signature.

If one write his name on the note, at the place commonly used for attestations, the presumption is, that he writes it, not as a maker of the note, but as a subscribing witness.

An attestation to a note by one, who writes his name upon it, at the time of its inception, and in the presence of the maker, though unrequested to do so, gives it the legal qualities of a witnessed note.

ON EXCEPTIONS.

ASSUMPSIT by the indorsee against the makers of a promissory note, dated in 1837. It had, in the place where attestations are commonly written, the name of Wm. Farnsworth, but without any word or expression indicating for what purpose it was placed there. Limitation was pleaded.

The plaintiff called Wm. Farnsworth as a witness. He was objected to from interest and being placed on the *voir dire* testified, that he took the note as the agent of the payee, but had no interest in it. He was then admitted and testified that at the time the note was made, he signed his name thereon as a witness, in the presence of the makers, but that he was not requested by either of them to do so.

The defendant requested instruction to the jury, that the words " Wm. Farnsworth" so written, did not give to the note the character of a note, "signed in the presence of an attesting witness." The instruction given was, that if Farnsworth saw the execution of the note by the makers, and at the time and in their presence, signed as a witness to that transaction, the note was not barred by limitation. The defendant excepted.

*Hutchinson*, for the defendants.

Is this a note, signed in the presence of an attesting witness," within the meaning of the Revised Statutes ? What is meant by an attesting witness ? Usage has settled it. It is one who writes his name, with some word, (such as witness, attest or test,) to indicate the purpose of the signing. The

mere locality of the signature is of no importance. Farnsworth is to be considered one of the joint makers, and, if sued jointly with the others, he could not have been a witness. But by his own statement, he wrote his name upon the note, without the request of either of the defendants. Such a signing upon a note, without the knowledge or assent of the makers, does not give it the character of a note, " signed in the presence of an attesting witness." Starkie on Ev. (Ed. 1828,) Part 2d, p. 340 ; 4 Taunt. 220 ; 3 Camp. 232 ; 29 Maine, 298.

In all the cases in the books, (with one exception) the subscribing witness is represented as signing in that character. And it is respectfully contended, that the mere signing of the name upon the paper with or without a designation of the character in, which he signs, without the consent and request of the parties, does not give the paper the character of a witnessed instrument. It must require the consenting will of the parties, to be inferred, perhaps, in the absence of all proof. but not in the teeth of contrary proof. *Houghton* v. *Mann*, 13 Metc. 128 ; *Kinsman* v. *Wright*, 4 Metc. 219 ; *Drury* v. *Vannevar*, 1 Cush. 276 ; *Smith* v. *Dunham*, 8 Pick. 246 ; *Gray* v. *Bowdoin*, 23 Pick. 282.

*Abbott*, for the plaintiff.

HOWARD, J., orally, — *Prima facie*, the name of W. Farnsworth is to be considered that of an attesting witness. His signature is at the place on the note, known to every business man as the place for the attestation. Long usage has confirmed this rule. It is of universal notoriety. Its legality is not to be questioned.

But it is objected, that he wrote his name there *without request*. This was not an unusual course. He was, however, the agent of the payee in receiving the note, and might properly witness it, at his own suggestion.

*Exceptions overruled.*