## Levy *v.* Bloch & Co.

*Action for Damages by Landlord's Assignee, for Conversion of Tenant's Crop, causing Loss of Lien.*

1. *Note signed by payee, for maker.*—When the maker's name is signed to a promissory note by the payee, with the words added "his mark," but no mark is made, and there is no attesting witness, a recovery can not be had on it, if a proper plea of *non est factum* is interposed (Code, § 2780); but the note is not a nullity, and its invalidity can not be set up by a third person against the claim of an assignee, suing in case for a conversion of the maker's crop, to which a landlord's lien attached in favor of the payee.

2. *Estoppel en pais.*—The defendant having the possession of cotton on which a landlord's lien was claimed, and being permitted by the landlord to remove and ship it on his promise to pay the claim for rent, he is estopped from disputing the validity of the landlord's lien, as against an assignee of the rent note.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Isaac Bloch, "doing business under the name of I. Bloch & Co.," against J. L. Levy, and seems to have been commenced in a justice's court. In the City Court, a complaint was filed January 4th, 1888, claiming $50 "for this: that about the beginning of the year 1887, Blunt & Marshall rented certain lands in Dallas county, Alabama, to Billy Phillips and Sim Phillips, for the sum of $50, payable on October 1st, 1887; that said Blunt & Marshall afterwards assigned their said claim for rent to plaintiff; that defendant, after said claim for rent was so assigned, having full notice of plaintiff's lien on the crops grown on the said land so rented, received and converted to his own use cotton grown on said land during said year, of the value of $50; to the damage of plaintiff in the sum of $50, with interest thereon, and hence plaintiff sues." The defendant pleaded—1st, not guilty; 2d, a special plea averring that "the only rent note, or claim and lien of renting,

ever made by said Billy Phillips and Sim Phillips, for rent
of land from Blunt & Marshall for the year 1887, was, for
valuable consideration, transferred and assigned to this
defendant, and was his property, and was a lien on the crop
received by him from said Billy and Sim Phillips; and that
at the time he received said note and contract, and became
the owner thereof for value, and at the time he so received
said crops, he had no notice whatever of any claim of the
plaintiff, or of any rights he may have had in the premises."
Issue seems to have been joined on both of these pleas, and
the case was submitted to the decision of the court without a
jury.

On the trial, as the bill of exceptions shows, it was proved
that Blunt & Marshall had rented a small piece of land, part
of the "Spurlin tract," to Billy Phillips and Sim Phillips,
for the year 1887, at the agreed rent of $50, payable on
October 1st, 1887; and that a note for the rent was written
by Blunt, to which he signed the names of said lessees.
This note was not produced on the trial, but its loss and its
contents were proved. W. H. Kendrick, the justice of the
peace in whose court the case originated, testified that the
note was produced on the trial before him; that the names
of Billy Phillips and Sims Phillips "were written under it,
but they had not executed it by making their marks;" and
that it was sent up to the City Court, with the other papers
in the case. Other witnesses testified, that the note was
written by Blunt, of the firm of Blunt & Marshall, who also
signed the names of Billy and Sim Phillips; that they never
affixed their marks, and there was no attesting witness. This
note was assigned by Blunt & Marshall, or transferred by
delivery—"turned over," as the witness expressed it—to
Bloch, the plaintiff, as collateral security for a much larger
indebtedness due from them to him; which transfer was
made, as Marshall testified, "after the dissolution of the firm
of Blunt & Marshall, which occurred about the last of
January, or the first of February, 1887." Marshall further
testified: "They [Phillipses] made about four or five bales
of cotton on the place, which were worth more than enough
to pay the rent. The crop was turned over to the defendant.
When two or three bales of it were on the platform at
Massillon, I told defendant it was there, and not to ship it
without paying the rent. He said he would pay me in a
day or two. He knew that Billy and Sim were working on
the Spurlin place. This was the first time I demanded rent

[Levy v. Bloch & Co.]

of him; it was the last of August, or in September. He did not then tell me, that he would pay me if I could show an original note for rent. A week, or ten days afterwards, I got the note from Bloch, and carried it to him; and he then said, as soon as he saw it, that he would pay it if it was the original note."

Walter Kendrick, a witness for plaintiff, who was present at each of these interviews, testified: "Marshall made demand on Levy for rent due by Billy and Sim Phillips. The cotton was then on the platform. Levy said he would pay the rent note, and asked Marshall for it. Marshall told him he did not then have it, but would bring it down in a few days. Levy then shipped the cotton. Marshall brought the note down in a few days, but Levy declined to pay it." [On cross-examination:] "Levy said he would pay the rent note. He did not use the words *original note*, but said, 'If you will give me the rent note, I will pay it.' When Marshall afterwards produced the paper, Levy said it was not a note, and that he held a note himself."

The defendant produced a note for $50, to which the names of Billy Phillips and Sim Phillips were signed by mark, attested by said defendant; which note was dated February 12th, 1887, purported to be given for "rent of land on the Spurlin place, landlord's lien retained," and was payable October 1st, 1887, to W. T. Blunt, one of the partners of Blunt & Marshall, by whom it was assigned to defendant, by indorsement dated February 12th, 1887, in these words: "For a valuable consideration, I hereby transfer the within note to J. L. Levy, to be credited on the account of Blunt & Marshall when collected." The defendant, testifying for himself, said that this note was transferred to him by Blunt immediately after its execution; that he made advances to Billy and Sim Phillips, during the year 1887, on the faith of it; that the cotton raised on the rented land by them was delivered to him, and was on the platform at Massillon, in front of his store, when the demand for rent was made by Marshall; and that his reply to Marshall was, "Show me the rent note," or, "Show me the original rent note, and I will pay it, as I hold the original note myself." The defendant also introduced Sim Phillips as a witness, who testified, that he and his brother rented the land in 1887 from said Blunt, who "fixed up the rent note," which was immediately "turned over to J. L. Levy; that they could not read or write; that they gave no other note for the rent; and that

they delivered the cotton raised on the land to the defendant.

There was other evidence in the case, and there were material discrepancies in the testimony of the different witnesses, which it is unnecessary to state. On all the evidence adduced, the court rendered judgment for the plaintiff; and this judgment, to which the defendant excepted, is now assigned as error.

S. W. JOHN, for appellant.—(1.) The note so-called, on which the plaintiff's claim is founded, is void.—*Carlisle, Jones & Co. v. Campbell*, 76 Ala. 249. (2.) If defendant promised Marshall to pay the rent to plaintiff, the promise was *nudum pactum*, and gave no cause of action.—*Underwood v. Lovelace*, 61 Ala. 157; *Bolling v. Munchus*, 65 Ala. 561; *Dunbar v. Smith*, 66 Ala. 491; *Trammell v. Hudmon*, 78 Ala. 225. (3.) The plaintiff sues in case, and is allowed to recover on proof of the breach of an express promise. 1 Greenl. Ev., §§ 50, 63, 66.

SATTERFIELD & YOUNG, *contra*, contended that the defendant was estopped, under the evidence, from denying or disputing the plaintiff's superior lien on the cotton.

SOMERVILLE, J.—The action is one in tort, and was commenced by the appellees, Bloch & Co., before a justice's court, the plaintiffs claiming to be assignees of a rent note given by certain tenants to Blunt & Marshall as landlords. It is averred, as the *gravamen* of the action, that the defendant received and converted cotton which was subject to this lien, with full notice of the plaintiffs' rights.—*Thompson v. Powell*, 77 Ala. 391.

The only defense set up is the alleged invalidity of the older rent note of which the plaintiffs claim to be the assignees, coupled with the claim that the defendant himself holds a valid and properly executed rent note from the same tenants. It is contended that the note held by plaintiffs, and which purports to have been signed by the tenants, Sim Phillips and Billy Phillips, was invalid, because the names of these parties were subscribed by one of the promisees, Blunt & Marshall; that the reputed makers could not write, and there were no attesting witnesses to the instrument, and no authorized mark formally made by the makers.

It may be admitted, on this state of facts, that a recovery

[Andrews v. Flack & Wales.]

on the note could have been defeated by the interposition of a plea of *non est factum* by the makers, had it been made the foundation of a suit against them.—*Carlisle v. Campbell*, 76 Ala. 247.    But the fact of its execution would not be put in issue, in such direct suit, without a verified plea denying its execution.    In other words, it will be presumed to have been executed by the authority of the makers, and be binding on them, until they repudiate its binding efficacy, where it either purports to be executed by them, or is averred to have been so executed.—*Wimberly v. Dallas*, 52 Ala. 196; Code, 1886, § 2770; *Bickley v. Keenan & Co.*, 60 Ala. 293; *Brown v. Butchers & Drovers Bank*, 6 Hill (N. Y.), 443; 41 Amer. Dec. 755; *Zann v. Haller*, 71 Ind. 136; 36 Amer. Rep. 193. Such an instrument, to say the least, is not a nullity.

The facts in the present case make it binding on the defendant, on the principle of estoppel.    The defendant recognized the superior validity of the plaintiffs' lien on the cotton raised by the tenants who made the note, and was permitted to ship the cotton on the faith of his promise to pay the note. He was thus enabled to make way with the cotton so as to greatly embarrass, if not entirely defeat, the enforcement of the landlord's lien by the process of attachment.    This was a clear detriment to the plaintiffs, and it would be a fraud on them now to permit the defendant to deny the superior validity of their lien.    This promise is not made the basis or foundation of the action, as supposed by appellant's counsel.    It is made only the foundation of an estoppel, which prevents the defendant from denying a fact which he once admitted, and on the alleged truth of which the plaintiffs were induced to act to their prejudice.

The City Court, in our opinion, committed no error in finding for the plaintiffs, and its judgment is affirmed.