# Johnson & Co. *v.* Davis.

*Statutory Detinue for Mules and Wagon, by Mortgagee against Mortgagor.*

1. *Execution of deed or mortgage ; signature by mark.*—A mortgage, or other conveyance, to which the grantor's name is signed by mark, duly witnessed by a third person who signs his own as a witness, is legally and efficiently executed, although the grantor's name, he not being able to write, was written by the grantee himself.

APPEAL from the Circuit Court of Clarke.
Tried before the Hon. WM. E. CLARKE,

[Johnson & Co. v. Davis.]

This action was brought by W. J. Johnson & Co., suing as a partnership, against Bevily Davis, to recover a wagon and two mules; and was commenced on the 10th October, 1889. The only plea was "the general issue, in short by consent." The plaintiffs claimed the property under a mortgage, or crop-lien for advances, which was dated May 12th, 1888, and to which the defendant's name was signed by mark, attested by R. W. Davis. W. J. Johnson, one of the plaintiffs, testified in their behalf on the trial, that he wrote the instrument, and also wrote the defendant's name at the bottom, at his request; that R. W. Davis, the sub-scribing witness, "read the mortgage and note over to said Bevily Davis, and held the pen while Bevily made his cross mark, and then signed his own name as a witness; and that R. W. Davis had since died, but witness knew his hand-writing, and saw his signature to the instrument. On this evidence, the plaintiffs offered the mortgage in evidence, but the court excluded it, on objection by the defendant; to which ruling the plaintiffs excepted, and then took a non-suit.

Jno. Y. Kilpatrick, for appellants, cited Code, § 1; *Beckley v. Keenan & Co.*, 60 Ala. 293 ; *Brown v. Bank*, 6 Hill, 443 ; *Wimberly v. Dallas*, 52 Ala. 196 ; *Ala. Warehouse Co. v. Lewis*, 56 Ala. 514.

Geo. W. Taylor, *contra*, cited *Carlisle, Jones & Co. v. Campbell*, 76 Ala. 247.

McCLELLAN, J.—The case of *Carlisle et al. v. Campbell*, 76 Ala. 247, is relied on to sustain the ruling of the Circuit Court, to the effect that the paper purporting to be a mort-gage, which evidenced plaintiff's title to the property in suit, had not been efficiently executed by the defendant. But, to our minds, there is such a material difference between the facts of that case and this, as that the principle there de-clared can not be applied here. In both cases, it is true, the alleged maker of the paper was unable to write his name. In that case, however, the payee not only wrote the promisor's name under the obligation, but also made his mark for him; while in this, the agency of the payee, or, more properly, grantee, extended no further than to sub-scribe the letters constituting the grantor's name, and the latter himself affixed his mark thereto, thus doing not only all the law prescribes in such cases as necessary for him to do, but all that he could possibly do under the circumstances

[McKleroy v. Cantey & Randolph.]

toward efficiently signing the instrument. And the subscription thus made was duly attested, and the attestation fully proved on the trial. It is immaterial by whom the name is written; it can not be written by the grantor, nor, standing alone, could it be the signature of the grantor. His signature is his mark, and the requirements of law are fully satisfied, if, finding his name subscribed to an instrument, he set his mark near it. The sole purpose of the name being there at all is by way of identifying and individualizing the mark; and this purpose can be as fully conserved when the name is written, as is by no means unusual in practice, by the other party to the contract, as by a stranger; the act of either in so doing being as purely clerical as writing the body of the paper.

The authorities cited in *Carlisle et al. v. Campbell* all refer to instances where the obligee had acted as the agent of the obligor in the *execution* of the instrument, the latter being able to write.

The Circuit Court erred, we think, in holding the mortgage offered in evidence not to have been signed by the defendant. Its ruling in that regard is reversed, the nonsuit suffered in consequence of it is set aside, and the cause is remanded.

Reversed and remanded.