# Mash v. Daniel & Co.

*Statutory Claim Suit.*

1. *Execution of written instrument; signature by mark.*—When the maker of a written instrument and another both hold the pen and make a mark near the maker's name, with the intention on the part

of the latter to execute the instrument, the making of the mark is the act of the maker, and is his signature to the instrument.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

The appellant, D. J. Mash, obtained a judgment against one Isam Boan in a court of a justice of the peace of Butler county. An execution was issued on said judgment, and was levied upon certain personal property, as the property of the said Boan. After the levy of this execution, the appellees, J. G. Daniel & Co., interposed a claim to the property levied upon ; and a trial of the right to said property was had in the justice's court, resulting in a judgment in favor of the claimants. The cause was appealed to the circuit court of Butler county by the plaintiffs. Upon the trial of said cause in the circuit court, the evidence showed that the claimants' claim to the property levied upon was under a mortgage, which was executed in the following manner : said Boan, the mortgagor, not being able to write, a member of the claimants' firm wrote Boan's name, and when "his mark" was being made by said member of the firm, Boan held the top of the pen.

The only point of contention by the appellant in the trial court was, whether, on these facts, there was a legal execution by Boan of the mortgage under which the claimants set up their right to the property levied upon. The court, at the request of the claimants, gave the general affirmative charge in their behalf, and to the giving of this charge the plaintiff duly excepted.

There was judgment for the claimants ; and the plaintiff appeals, and assigns as error, among other rulings, the giving of the general affirmative charge for the claimants.

GAMBLE & POWELL, for appellant, cited *Carlisle v. Campbell*, 76 Ala. 247, Anderson's Law Dictionary, definition of "Mark ;" *Chapman v. Limerick*, 56 Me. 392 ; *Pridgen v. Pridgen*, 13 Ired. L. 260 ; 4 Washington C. C. Rep. 262–269 ; *Lewis v. Lewis*, 13 Barb. 17 ; *Horton v. Johnson*, 18 Ga. 396.

L. M. LANE, *contra*, cited *Johnson & Co. v. Davis*, 95 Ala. 293.

[Bayzer & Shepherd v. McMillan Mill Co.]

HEAD, J.—The case of *Johnson & Co. v. Davis*, 95 Ala. 293, settles, in principle, that when the maker of a paper and another both hold the pen and make the mark, near to the maker's name, with intention on the part of the maker to execute the instrument, the making of the mark is the act of the maker, and not the other party who holds the pen with him.

Affirmed.