# Wright *v.* Forgy.

## *Action on a Bond.*

1. *Pleading and practice; when rulings on pleading will not be reviewed on appeal.*—When a cause is tried by a lower court, without the intervention of a jury, and it appears on appeal that the replication filed to a special plea contained nothing more than what was alleged in the complaint and was in effect the taking of issue on the plea interposed, and in the rejoinder filed after demurrers to the replication were overruled, there is set up no defense that was not available under the plea, it is not necessary, for a proper disposition of the case on appeal, to review the trial court's ruling either on a demurrer interposed to the rejoinder or the demurrer to the replication; since if there was error in either instance, it was error without injury.

2. *Execution of note; signature by surety for maker.*—Where in the execution of a note or bond, the surety, at the principal's request· and in his presence, writes the name of the principal as maker and then writes his own name as surety, there is ·a valid execution of the instrument, and it is as binding on the principal as if he had himself subscribed his own signature, or, being unable to write, had made his mark and had the same attested by a witness who could write his name; and in such case, the fact that the principal could not write, and after his name was signed for him, he affixed his mark thereto does not, in any way, affect the validity of the execution or the binding efficacy of the contract.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This was an action brought by L. G. Forgy, the appellee, against George Wright; and counted upon ·a note or bond under seal. The complaint, as originally filed counted upon a promissory note. The complaint was subsequently amended by adding two counts thereto. Each count averred in substance the execution of a bond under seal by the defendant, as principal with the plaintiff as his surety, and made payable to one Miller; that the defendant failed to pay the bond at ma-

turity and by reason of his suretyship, the plaintiff paid said note. The third count also averred the transfer of the note or bond by the payee to one Thos. Bagley. Upon the payment to Bagley of the amount of the note, he endorsed and transferred it to the plaintiff in the present suit.

The defendant filed the plea of *non est factum,* which was duly verified. To this plea the plaintiff filed a replication, setting up that the defendant authorized and instructed the plaintiff to sign his name to the bond sued on, and that the plaintiff under and by virtue of the authority of the defendant, signed his name to said bond in the presence of the defendant. Demurrers were interposed by the defendant to this replication, upon the ground that it appeared that the plaintiff was a party to the bond sued on, and as such was disqualified from signing the defendant's name thereto, and that such replication is no answer to the plea. This demurrer was overruled, and the defendant then filed a rejoinder, setting up that the bond purports to have been signed by the defendant making his mark, and that the plaintiff wrote the defendant's name, and held the pen while the defendant made his mark thereto, and that such signature was not witnessed by any person who could write his name, as provided by the statute. To this rejoinder the plaintiff demurred upon the grounds that it was no answer to the plaintiff's replication, and that it did not deny the authority of plaintiff to sign his name to said bond, and that the fact that the defendant could not write, and made his mark, did not prevent his authorizing the plaintiff to write his name for him. This demurrer was sustained.

On the trial of the cause, it was shown by the uncontradicted evidence that the note was given by the defendant to Miller for the purchase of a mule by the defendant from said Miller; that the plaintiff, Mrs. L. J. Forgy, consented to sign the note as surety for the defendant Wright. At the time of the execution of the note, Wright stated to Mrs. Forgy that he could not write his name, and requested her to write it for him; that she thereupon wrote his name for him, after which he made his mark, and that then the plaintiff signed

[Wright v. Forgy.]

the note as surety for said defendant. There were several witnesses present at the time of the execution of the note, and they all testified to these facts. It was shown that the note was subsequently transferred by Miller to T. S. Bagley before its maturity, and that when the note fell due, Wright failed to pay said note, and that subsequently the plaintiff paid the note to Bagley and Bagley then transferred said note to the plaintiff by endorsement.

The defendant, as a witness in his own behalf, testified that he could not write; that he did not recollect giving the note to Miller; and that he did not tell Mrs. Forgy, the plaintiff, to sign his name thereto. .

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings and the rendition of judgment for the plaintiff.

KNOX, BOWIE & DIXON, for appellant, cited Code of 1896, §§ 1, 2105; *Flowers v. Bitting*, 45 Ala. 448; *Carlisle v. Campbell*, 78 Ala. 247; *Coleman v. State*, 79 Ala. 49; *Houston v. State*, 114 Ala. 15; *Hendon v. White*, 52 Ala. 597.

WHITSON & GRAHAM, contra.—Where the grantor is unable to write his name another may, in his presence, and at his request, sign for him, and by affixing a mark to the signature, the grantor can adopt it as his own."—5 Amer. & Eng. Encyc. of Law, (1st ed.), 441; 22 L. R. A. 297, note. If the signing is done in the presence of the grantor, the mark is not necessary.—5 Amer. & Eng. Encyc. of Law, 441, n. 2; 14 Amer. & Eng. Encyc. of Law, 457, n. 3; Devlin on Deeds, §§ 232, 233; *Gardner v. Gardner*, 5 Cush. 483; *Bird v. Decker*, 64 Me. 551; *Lewis v. Watson*, 98 Ala. 479; *Brickley v. Keenan*, 60 Ala. 296.

DOWDELL, J.—To the complaint in this case the defendant filed a plea of *non est factum* in Code form, No. 33, page 949 of the Code. The replication to this

[Wright v. Forgy.]

plea contained nothing more in substance than what was alleged in the complaint, namely, that the bond was executed by the defendant, and was in effect taking issue on the plea. And so as to the rejoinder to the replication. Nothing was set up therein but what was available to the defendant under his plea. As the case was tried by the court without the intervention of a jury, we need only deal with the assignment of error relating to the rendition of the judgment.

On the trial there was evidence that at the time of the execution of the note, the plaintiff in this case, who had consented at the instance of the defendant to go on the bond as his surety, was requested by the defendant to sign his name to the same, as he could not write, which was then done in his presence by the plaintiff, his surety. At this time there was no antagonistic relation between this plaintiff, Mrs. Forgy, and the defendant, and therefore the principle in *Carlisle v. Campbell*, 76 Ala. 247, has no application. It was perfectly competent and legal for the surety to act as an agent for the principal in signing his name to the bond in his presence and at his request, and when this was done it was as perfect and complete an execution as if the defendant himself had subscribed his own signature, or being unable to write, had made his mark, and the same being attested by a witness who could write his name.—*Lewis Admr. v. Watson*, 98 Ala. 481. The fact that the defendant did make his mark after his surety had signed his, defendant's, name to the bond or contract at defendant's request, neither took from nor added anything to the validity or efficacy of the contract, its execution, so far as his signature to it was concerned, having been accomplished when his name was signed thereto at his instance by the surety; and the bond or contract having been thus executed, was as efficacious as to the clause contained therein, waiving exemptions as to personal property, as it was as to his promise to pay the debt. —*Brown v. Bamberger, Bloom & Co.*, 110 Ala. 342.

There was sufficient evidence before the trial judge to warrant him in reaching the conclusion that the defendant authorized Mrs. Forgy to sign his, defendant's,

name to the note, and we would not feel warranted in disturbing such a finding as to the facts by the trial judge, who had the witnesses before him, with the opportunity of seeing and hearing them and judging of their credibility.

We find no reversible error in the record, and the judgment of the city court is affirmed.