# McGowan *v.* Collins.

*Assumpsit.*

(Decided April 7, 1908. 46 South. 228.)

*Bills and Notes; Signature by Mark; Validity.*—Section 1,Code 1896, has no application to the execution of promissory notes, and a note executed by an illiterate promissor, by mark, is sufficient, and need not be attested, although his name is written by the payee of the note.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Thomas J. McGowan against A. T. Collins. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

ERNEST FITE, F. V. FITE, and DAVIS & FITE, for appellant. Section 1, Code 1896, does not change the common law, so as to invalidate instruments evidencing contracts not required by statute to be in writing, although signed by mark without a witness.—*Penton v. Williams*, 43 South. 212. The term, signature, includes the mark of the person who is unable to write his name.—*Gillis v. Gillis*, 23 S. E. 107; *Terry v. Johnson*, 60 S. W. 300; *Zhacharie v. Franklin*, 37 U. S. 191. Illiterant persons commonly sign by making a mark.—22 A. & E. Ency. of Law, 781 and note; *Carlyle v. Campbell*, 76 Ala. 247, is differentiated from this case by the facts. The signature was sufficient.—*Johnson v. Davis*, 95 Ala. 293. The fact that the note contained a waiver of exemptions did not affect its validity.—*Brown v. Bamburger*, 110 Ala. 354.

J. C. MILNER, and RUSHTON & COLEMAN, for appellee. The note was not so executed as to render it admissible,

because it was not signed except by mark and was not attested, and because the signature was made by the payee of the note.—Secs. 1 and 2151, Code 1896; *Barlow v. Collins,* 139 Ala. 543; *Houston v. The State,* 114 Ala. 15; *Seabold v. Richardson,* 110 Ala. 438; *Carlylse v. Campbell,* 76 Ala. 247; *Coleman v. The State,* 79 Ala. 49; *Stewart v. Beard,* 69 Ala. 470.

McCLELLAN, J.—The only question presented and argued here is: Is a promissory note validly executed by an intended payor, who cannot write his name, by the affixing thereunto by him of an X-mark, between an initial of his name and his surname; his initials and surname being written by the payee, and the name of the subscribing witness, who could not write his name, being also written by the payee? Section 1 of the Code of 1896 is appealed to as defining that "signature" or "subscription" includes "mark," when a person cannot write his name.

It was expressly held, as, indeed, the section itself declares, in *Bickley v. Keenan,* 60 Ala. 296, and in *Ala. Warehouse Co. v. Lewis,* 56 Ala. 514, that the signification of words provided in this section apply only to those words as they are used in the Code, or in statutes construed as a part of it, and not to contracts or instruments governed by the common law. We are aware of no provision in the Code or statute of any kind bringing the execution of a promissory note within the operation of section 1. So that section is inapplicable to the execution of this instrument. The case of *Ballow v. Collins,* 139 Ala. 543, 36 South. 712, as well as others cited in brief of counsel, involved the execution of a chattel mortgage, the manner of the subscription of which is particularly described by section 2151 of the Code. Hence that line of decisions is not in point. Nor do we know of any

[Stouffer v. Smith-Davis Hardware Co.]

statute requiring that, where the execution by an unlettered promissor of a promissory note is by mark, it is necessary to be attested in any form. We are therefore remitted to the common-law rule, which is that the execution of an instrument by mark is sufficient, and this without attestation.—*Bickley v. Keenan,* 60 Ala. 293; *Johnson v. Davis,* 95 Ala. 293, 10 South. 911; *Penton v. Williams,* 150 Ala. 153, 43 South. 212. In the latter case *Carlisle v. Campbell,* 76 Ala. 247, is distinguished.

The court erroneously excluded the note sued on, and the judgment will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.