[Penton v. Williams.]

# Penton *v.* Williams.

*Assumpsit.*

(Decided Dec. 16, 1909.  51 South. 35.)

1. *Bills and Notes; Plea; Non Est Factum.*—Where an action is upon an instrument in the form of a note, and the plea of non est factum is interposed, the plaintiff must show the execution of the instrument before it is admissible in evidence.

2. *Same; Execution; Promisee Signing for Promisor.*—A promisee cannot become the agent of the promisor for the purpose of signing his name to a contract, and hence, the payee of an instrument in the form of a note could not sign the maker's name thereto and have the maker make his mark in the execution thereof.

3. *Same; Actions; Issues; Admissibility of Evidence.*—Where the action was on an instrument in the form of a note which was not admissible because not properly executed, and the only basis for a claim of attorney's fees was under the contract, testimony as to the reasonable value of the attorney's fee was not admissible.

4. *Witnesses; Re-direct Examination.*—Questions propounded on re-direct examination which call for merely a repetition of what had been gone into on the direct examination, and not in rebuttal to anything brought out on the cross, are properly excluded.

5. *Same; Scope.*—Where the action was on an instrument in the form of a note, and the plaintiff had testified that he went over the items of the account with the alleged maker after the services had been performed, and for which the instrument was alleged to have been given, and on rebuttal was allowed to explain by saying that he told the maker that he wished to be reasonable with him and would reduce the debt and that the debt he was speaking of was the debt which the maker owed, it was competent to inquire whether, when the matter was thus presented to the maker, he made any claim that it was not his debt, since it had a bearing upon the question whether or not the maker had made such an idependent promise as to make it his debt.

6. *Evidence; Parol Evidence; Execution of Note.*—Where the action was on an instrument in the form of a note, and it appeared that the same had not been legally executed, things that were said by the alleged maker when the instrument was alleged to have been. executed, could have no bearing on the validity of the instrument and were, hence, not admissible.

7. *Same; Admissions; Joint Liability.*—Whether or not one of the signers of an instrument in the form of a note offered to compromise the debt was irrelevant on the question as to whether the other signer, who was sued owed the debt.

8. *Trial; Request for Instructions; Form.*—A charge asserting that if the debt sued on was the debt of the other signer of the in-

strument, and if the defendant only attempted to sign the notes to bind his horse for the payment of the debt, the defendant should recover, is not error, for if misleading, the duty is on the plaintiff to request an explanatory chcarge.

9. *Same; Direction of Verdict.*—Where there was evidence tending to prove the counts in a complaint the affirmative charge is improperly given for the defendant.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. A. Penton against Joe Williams. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

For a former report of this case, see 150 Ala. 143, 43 South. 211.

The assignments of error referred to are as follows: "(3) The court erred in sustaining defendant's objection to the following questions propounded by plaintiff's counsel on redirect examination of the plaintiff: 'State what was said by Joe Williams there at the time the note was executed.' (4) The court erred in sustaining the defendant's objection to the following question propounded by plaintiff's counsel on redirect examination of the plaintiff: 'Previous to the time Joe signed the note, at the time he agreed to pay you for waiting on the boy, had the dead man made any arrangement with you, except to pay you for your operation?' (5) The court erred in sustaining the defendant's objection to the following question propounded by plaintiff's counsel to plaintiff on a redirect examination: 'Previous to the time Joe agreed to pay you for your services in continuing to wait on his brother, state what services his father contracted with you to perform, and all the services.' (6) The court erred in sustaining the defendant's objection to the following question propounded by the plaintiff's counsel on redirect examination: 'Did Joe make any contract with

you in reference to any services to be performed for his brother? If so, state it.' "

The following charges were given at the request of the defendant: (1) Affirmative charge as to first count. (2) "If the jury believe from the evidence that the debt was the debt of A. J. Williams, and Joe Williams only attempted to sign the note in order to bind his horse for the payment of the debt, then you will find for the defendant." (3) Affirmative charge as to the fourth count. (4) "The court charges the jury that the plaintiff cannot recover anything for attorney's fees in this case." (5) Affirmative charge as to the second count. (6) Affirmative charge as to the third count.

D. H. RIDDLE, for appellant.—Counsel discuss assignments of error, but without citation of authority.

WHITSON & HARRISON, and LACKEY & BRIDGES, for appellee.—A payee or promisee cannot become the agent of a promisor in the making of a contract in signing the same.—*Carlisle v. Campbell*, 76 Ala. 247; *Levy v. Bloch*, 88 Ala. 291. Nor is he a competent attesting witness.—*Coleman v. The State*, 79 Ala. 49; *Croft v. Thornton*, 125 Ala. 395; *Brooks v. Cook*, 141 Ala. 499. Neither could it be shown that since the execution of the instrument, the payee had seen the promisor write his name and knew his signature. It is settled in this state that if any credit is given to the party for whose benefit the promise was made, the promise is within the statute of frauds.—*Clark v. Jones*, 87 Ala. 474; *Webb v. Hawkins L. Co.*, 101 Ala. 633; *Kling v. Tunstall*, 109 Ala. 608. Under the facts in this case the promise was without consideration and cannot be supported.—*Johnson v. Sellers*, 33 Ala. 265;

*Burkham v. Mastin,* 54 Ala. 123; *Richardson v. Fields,* 124 Ala. 535; *Russell v. Wright,* 98 Ala. 562. Counsel discuss other assignments of error not necessary to be here set out.

SIMPSON, J.—This action by the appellant against the appellee is on a writing in the form of a promissory note, in which is also included a mortgage; several of the common counts being added for medical services claimed to have been rendered by the plaintiff to a brother of the defendant. This instrument sued on purports to be signed by A. J. Williams and the defendant, but the defendant's name has X between the "Joe" and "Williams," and there is no attesting witness.

his<br>.     X<br>mark

When this case was before this court at a previous term, it was held that the count did not show that there was no witness to the note; also that section 1 of the Code of 1896 does not invalidate instruments signed by mark, without a witness, when the contract is not required to be in writing, and that, there being no plea of non est factum, the instrument was admissible.— *Penton v. Williams,* 150 Ala. 153, 43 South. 211. On the second trial of the case an amended complaint was filed, and the plea of non est factum was interposed; also a plea of the statute of frauds.

The only witness to the execution of the note is the plaintiff himself, the payee, who testifies that he wrote the note, signed the name of the defendant, and made his mark; the defendant touching the pen staff. The plea of non est factum being interposed, the burden rested on the plaintiff to prove the execution of the instrument before it could be received as evidence. This

court has held that the promisee cannot become the
agent of the promisor, for the purpose of signing his
name to the contract.—*Carlisle, Jones & Co. v. Camp-
bell*, 76 Ala. 247, 249; *Levy v. Bloch & Co.*, 88 Ala. 290,
293, 294, 6 South. 833. In the case of *Wright v. Forgy*,
126 Ala. 389, 392, 28 South. 198, 199, the principal's
name was signed by the surety, before the surety had
signed; and the court differentiated it from the *Car-
lisle v. Campbell Case, supra,* stating that "at this time
there was no antagonistic relation between this plain-
tiff and the defendant." In the case of *Johnson & Co.
v. Davis*, 95 Ala. 293, 10 South. 911, the name of the
grantor in the mortgage was written by the grantee,
but the mark was make by the grantor himself, and
witnessed by a third party. Under these decisions the
execution of the instrument in question was not legally
proved, and it was properly excluded from the testi-
mony.

There was no reversible error in the action of the
court in sustaining objections to questions, on rebut-
tal, to the plaintiff as a witness, and embodied in as-
signments of error numbered 3, 4, 5, and 6. The mat-
ters inquired of in these questions were not in rebuttal
of anything testified to on cross-examination, and the
answers could have been only a repeating of what had
been gone through with in the examination in chief.
Moreover, what was said by the defendant, at the time
of the supposed execution of the note, could have no
bearing on its validity, as, from what we have said, the
note was never executed legally, and nothing could im-
part validity to it. The question to the plaintiff, as a
witness, on rebuttal, "Had you any contract with the
defendants for further services for the boy and for serv-
ices you had already rendered the boy other than the
operation, prior to the time you made the contract with

Joe, that you have testified about?" was not in rebuttal to anything that had been brought out on cross-examination, and the objection to it was properly sustained.

The question to the witness (plaintiff) on rebuttal, "Did Joe Williams make any claim, at that time, that he did not owe the debt?" should have been allowed. The witness had testified on cross-examination that he went over the items of the account, after the services were rendered, with the defendant. On rebuttal he was allowed to explain that conversation, by saying that he told defendant that he wished to be reasonable with him, and that he would reduce the debt which he owed, and that the debt he was talking about was the debt which the defendant owed. It was competent, then, to inquire whether, when the matter was thus presented to him, he made any claim that it was not his debt, as bearing upon the question whether or not the defendant had made such an independent promise as made it his debt.

There is no error in sustaining the objection to the question to the witness W. M. Lackey as to what was a reasonable attorney's fee, as the only claim to recover for an attorney's fee, is under the instrument, which we have held was not admissible in evidence.

There was no error in sustaining the objection to the question to the witness A. J. Williams as to whether he had offered to compromise the debt for $75, as that had no relevancy to the question as to whether the defendant, Joe Williams, owed the debt.

From what has been said in regard to the written instrument, it results that there was no error in giving charge No. 1, at the request of the defendant, being the general charge as to the first count of the complaint.

While charge No. 2, given on request of the defendant, may have been misleading, yet an explanatory charge might have been asked; and the court will not be placed in error for giving it.

[Crawford v. Simonton & Co.]

For the reason that there was evidence having some tendency to prove the counts referred to, it was error to give charges 3, 5, and 6, on request of defendant.

There was no error in giving charge No. 4, on request of the defendant.

There was no error in the refusal to give the general affirmative charge in favor of the plaintiff.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.