# Barksdale *v.* Bullington.

## *Detinue.*

(Decided October 14, 1915.  69 South. 891.)

1. *Mortgages; Execution; Signed.*—A person is said to sign an instrument when he writes or marks thereon something in token of his intention to be bound, and any mark is sufficient which shows an intention to be bound; hence, where the maker treated the signature as his own, the fact that the signature was written "Calhan" and not "Calahan," did not render the note and the mortgage securing it invalid.

2. *Same; Question to Jury.*—Whether or not the mortgagor who misspelled his name in the signature intended to be bound thereby, was, under the evidence, a question for the jury.

3. *Same; Validity.*—A mortgage is properly executed where the grantee wrote the name of the grantor, who held the pen, intending to execute the instrument; such signing being attested by another witness.

4. *Same; Subscribing Witness; Evidence.*—The execution of a mortgage which was directly in issue must be proven by one or more of the

[Barksdale v. Bullington.]

subscribing witnesses under section 4004-5, unless the case falls within one of the exceptions.

5. *Same.*—The execution of a mortgage is sufficiently proven by the testimony of a subscribing witness who was positive either that the mortgage was signed in his presence by the mortgagor, or that the mortgagor acknowledged his signature at the time of the attestation.

APPEAL from Limestone Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Detinue by Fletcher Barksdale against Mrs. Ida Bullington for a mule, together with the use and hire thereof. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, Act April 18, 1911 (Laws 1911, p. 449).

The plea was non detinet. The description of the mule contained in the complaint was one black mare mule named Mat, about eight years old in 1914. It appears from the evidence that plaintiff wrote the name of the mortgagee, L. D. Calhan, under the following circumstances: Plaintiff went to the office of Capt. Sowell with the mortgagee, having previously had the mortgage prepared, and when he arrived he ascertained that the mortgagee could not sign his name, and he requested Capt. Sowell to write it, and that plaintiff then, at the suggestion of Capt. Sowell, wrote the mortgagee's name, the mortgagee holding the pen while the mark was made, the mortgage having been previously read to Calhan. The note and mortgage was then offered in evidence, and is as follows:

"Athens, Ala. Feb. 21, 1914.

"On or before Nov. 1, 1914, I promise to pay Fletcher Barksdale or bearer the sum of $400, value received. [Then follows the usual exemption clause.]

his<br>
"L. D. X Calhan.

"Witness: Ben M. Sowell.          mark

"And, in addition to the above note, I hereby grant, sell, bargain, and convey to the said Fletcher Barksdale, for the purpose of better securing said advance or debt, the following property, the title to which I guarantee to be in me, to wit, one black mare mule, about eight years old, named Mat [and other property not sued for]."

Then follow the usual provisions as to the mortgage being void in case of the payment of the note, and the mortgage is signed as is the note, and under the same circumstances.

JAMES G. RANKIN, for appellant.

SANDERS & THACH, for appellee.

THOMAS, J.—This was a suit by Fletcher Barksdale, appellant, against Mrs. Ida Bullington, appellee, in detinue, for a mule specifically described, to which the defendant in the court below pleaded non detinet. The plaintiff based his claim to the property sued for on a note and mortgage, which the reporter will set out in the statement of facts.

As preliminary to offering the mortgage in evidence, it was shown that the mortgagor, L. D. Calahan, could not write his name, and that his name was written to the note and mortgage by Fletcher Barksdale, plaintiff, and payee in the mortgage; that the mortgagor made his mark to the signature by holding the pen while the mark was being made, the payee holding and guiding the pen; that this was done in the presence of the subscribing witness, B. M. Sowell, who wrote his name on the mortgage as an attesting witness to the signature thereto; that the mortgagor was in the possession of the property sued for at the time of the execution and delivery of the mortgage to the plaintiff.

The attesting witness to the mortgage, as a witness in the detinue suit, stated that it was his name that was signed to the mortgage as witnessing the signature of L. D. Calahan; that he did not remember whether Calahan executed it in his presence or not; that "he made his mark to it or acknowledged his signature" before witness. Witness identified the mortgagor as the party who appeared and made his mark or acknowledgment of his signature to the mortgage. Witness did not remember "who wrote the name L. D. Calahan" to the note and mortgage, did not remember whether he "saw Calahan sign his name," was "not positive whether he signed it or made his mark," was "not positive that I [witness] made the mark and he touched the pen. I didn't read the paper over to Calahan. I just simply signed my name on it. Mr. Calahan's name was on it when they came in the office. I don't remember whether or not the mark was there when they came in the office." The attesting witness is positive only that the mortgagor came to his office with the mortgage, and that witness signed his name to the mortgage as attesting witness, and that the mortgagor either signed the instrument in his presence or acknowledged that he had signed it in his presence.

The only persons present were the mortgagor, the mortgagee, and witness Sowell.

Paintiff then offered to introduce the mortgage in evidence, to which defendant objected, on the grounds: (1) That the paper "shows on its face that Mr. Calahan did not sign the mortgage;" (2) that the execution of the instrument had not been proven; (3) that it had not been shown that the instrument was legally executed. The court sustained the objections and refused to allow the introduction of the instrument as evidence.

Plaintiff moved for and was granted a nonsuit with bill of exceptions.

(1, 2) The fact that the signature to the note and mortgage was "Calhan," and not "Calahan," does not invalidate the execution of the instrument, if it was so executed by "Calahan," and he treated such signature as his own. This was a question for the jury—the identifying of the signature of the maker, the owner of the property in question at the time of the execution of the mortgage.

A person is said to "sign" a document when he writes or marks thereon something in evidence or token of his intention to be bound by its contents. Any mark is sufficient if it shows an intention to be bound by the document.—*Board of Trustees v. Campbell*, 48 La. Ann. 1543, 21 South. 184; *Knox Estate*, 131 Pa. 220, 18 Atl. 1021, 6 L. R. A. 353, 17 Am. St. Rep. 798; *Mills v. Howland*, 2 N. D. 30, 49 N. W. 413; *Sheehan v. Kearney*, 82 Miss. 688, 21 South. 41, 35 L. R. A. 102; *Plate's Estate*, 148 Pa. 55-57, 23 Atl. 1038, 33 Am. St. Rep. 805; 36 Enc. of Law & Pro., pp. 446, 448. Completeness is not requisite. In *Palmer v. Stephens*, 1 Denio (N. Y.) 478, *Sanborn v. Flagler*, 9 Allen (Mass.) 474, and *Salmon Falls Co. v. Goddard*, 14 How. (U. S.) 446, 14 L. Ed. 493, the initials were held to be a signature; in *Knox's Estate, supra,* the first name was so held; in *Williamson v. Johnson*, 1 Barn. & Cress. 146, in *Main v. Ryder*, 84 Pa. 217, and in *Carlisle v. People's Bank*, 122 Ala. 446, 26 South. 115, a fictitious name was so held; and in *Brown v. Bank*, 6 Hill (N. Y.) 443, 41 Am. Dec. 775, an indorsement in figures was held a sufficient signing.

(3) A mortgage is properly executed where the grantee wrote the name of the grantor, who held the pen while his mark was being made, with the intention on

the part of the latter to. execute the instrument, if the signing or signature is attested by a witness who could and did write his name as an attesting witness.—*Mash v. Daniel & Co.,* 105 Ala. 393, 18 South. 8; *Johnson v. Davis,* 95 Ala. 293, 10 South. 911; *Penton v. Williams,* 163 Ala. 603, 51 South. 35; *McGowan v. Collins,* 154 Ala. 299, 46 South. 228.

If the decision in *Mash v. Daniel & Co., supra,* is correct, the mortgage was legally executed. Counsel for appellee says that this case is not in harmony with the later decisions of this court, and submits, in opposition thereto, several authorities which we will now consider. In *Penton v. Williams, supra,* it was held that a note containing a waiver of exemptions (required by statute to be in writing, and subscribed by the party making the same [Code, § 4321]), the name of the maker of which, and the mark, had been signed and made by the payee, but without subscribing witness, was not subscribed by the party making the same (Code, § 1), and that it was not admissible in evidence.

In *Carlisle et al. v. Campbell,* 76 Ala. 247, it was held that the payee could not become the agent of the maker to sign his name to the instrument, there being no attesting witness. The principle of this holding is distinguished from that involved in *Johnson v. Davis, supra,* where there was a witness as required by the statute.—Code, § 4288; *Houston v. State,* 114 Ala. 15, 21 South. 813.

In *Johnson v. Davis, supra,* Mr. Justice McClellan said of *Carlisle v. Campbell, supra*: "The authorities cited * * * all, refer to instances where the obligee had acted as agent of the obligor in the execution of the instrument; the latter being able to write."

In *McGowan v. Collins, supra,* it was held that section 1 of the Code has no application to the execution

of promissory notes, and that a note executed by an illiterate promisor, by mark, is sufficient, and need not be attested, although his name is written by the payee of the note.

In *Levy v. Bloch,* 88 Ala. 290, 6 South. 833, it was held that, where the maker's name is signed to a promissory note, by the payee, with the words added "his mark," but no mark is made, and there is no attesting witness, a recovery cannot be had on it if a proper plea of non est factum is interposed.

In the case at bar the signature was completed by the addition of the mark by the maker, together with the requisite attestation to the signature by a witness who signed his own name as such.

The execution of the instrument in *Wright v. Forgy,* 126 Ala. 389, 392, 28 South. 198, 199, was upheld because, as stated in the opinion: "At this time there was no antagonistic relation between this plaintiff, Mrs. Forgy, and the defendant, and therefore the principle in *Carlisle v. Campbell,* 76 Ala. 247, has no application. It was perfectly competent and legal for the surety to act as an agent for the principal in signing his name to the bond in his presence and at his request, and when this was done it was as perfect and complete an execution as if the defendant himself had subscribed his own signature, or, being unable to write, had made his mark, and the same being attested by a witness who could write his name."

In *Morris v. Bank of Attalla,* 153 Ala. 352, 45 South. 219, it was held that the fact that a subscribing witness to the mortgage was a stockholder in the mortgagee corporation did not disqualify him from signing as a witness to the mortgage. The court said: "Here the office performed by Lester, the stockholder in the mortgagee,

was as a memorial of the mortgagor's own act. The mark. was made by the party to be charged, and the stockholder afforded, by his subscribing as a witness, the necessary memorial and attesting element to a valid execution; and in this service he became the repository of the evidence of the act of the mortgagor as much for one as for the other of the parties."

The cause of *Ballow v. Collins,* 139 Ala. 543, 36 South. 712, is not in point. The mortgage was there excluded because it was not shown that the person purporting to be the attesting witness did, in fact, sign as such, or that the mortgagor signed in his presence. The attestation by one who does write his name is a part of the signature of the maker who cannot write, and signs by his mark. So in *Houston v. State,* 114 Ala. 15, 21 South. 813, it was held that an attesting witness who signed by mark did not properly prove the ·execution. The provision of section 4288 of the Code that a mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor, can be complied with only as required by section 1 of the Code. In *Houston v. State, supra,* the cases of *Mash v. Daniel, supra,* and *Johnson & Co. v. Davis, supra,* are cited with approval. The office of the attesting witness is "to prevent injustice or fraud being committed," and the provision for attestation "is intended as a security against clandestine conveyances" and "for the protection of the one who executes the instrument." The rights of persons who cannot sign their names, except by mark, as fixed by the statutes (sections 1 and 4288, Code), are rendered in no degree less secure by the payee's signing the name, when the payor affixes his mark in the presence of an attesting witness as provided by the statute.

We hold that the authorities above referred to do not conflict with or modify the decisions in *Johnson & Co. v. Davis, supra*, and *Mash v. Daniel, supra*.

(4) The question of proof of execution has been several times considered by this court. When an instrument is attested by a subscribing witness, and its execution is directly in issue, it must be proved by one or more of the subscribing witnesses, unless some excuse sufficient in law can be shown for not producing one of them.—Code 1907, § 4004; *Houston v. State, supra; Askew v. Steiner*, 76 Ala. 218; *Russell v. Walker*, 73 Ala. 315; *Ellerson v. State*, 69 Ala. 1; *Martin v. Mayer Bros.*, 112 Ala. 620, 20 South. 963; *Jones v. State*, 113 Ala. 95, 21 South. 229; *Martin v. State*, 3 Ala. App. 92, 58 South. 83.

In the Code of 1907 the new sections 4004 and 4005 prescribe the "cases" where the witness subscribing to prove the execution of a private document need not be produced, and specify that the execution may be substantiated by "other proof," as follows

"4004. *Subscribing witness; Exceptions.*—The subscribing witness to prove execution of private documents must be produced in all cases except the following, unless otherwise specially provided:

"(1) Ancient writings which prove themselves.

"(2) If from any cause the witness cannot be produced or sworn.

"(3) Official bonds required by law to be approved or tested by a particular functionary.

"(4) If the paper is only incidentally or collaterally material to the case.

"(5) If the party executing the written instrument testifies to its execution.

[Barksdale v. Bullington.]

"(6) If the document is self-proving or properly acknowledged.

"4005. *Other Proof.*—Whenever the subscribing witnesses to an instrument in writing are dead, insane, incompetent, or are without the state, or their residence is unknown, or being produced, they do not recollect the transaction, then proof of the actual signing by, or the handwriting of, the alleged maker or subscribing witness shall be received as primary evidence of the fact of execution; and if such evidence be not attainable, the court may admit evidence of the handwriting of the subscribing witnesses, or other secondary evidence, to establish such fact of execution."

(5) In the instant case it was not necessary to prove the execution of the mortgage by other than the attesting witness. True, his recollection of the fact of the actual signing of the mortgage was indistinct; yet he was most positive either that the mortgage was signed in his presence by the mortgagor, or that the mortgagor acknowledged to witness, at the time he attested the signature to the instrument was his (mortgagor's) signature and execution of the mortgage.

The mortgage sought to be introduced in evidence was improperly excluded, and for this error of the trial court the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.