(108 So. 1)

HAMILTON v. ADAMS. (7 Div. 637.)

(Supreme Court of Alabama. March 18, 1926. Rehearing Denied April 22, 1926.)

1. Contracts ⬅35—Signatures ⬅4.

One person's name may be signed for him by another, in his presence and by his direction, but obligee in contract cannot become agent of obligor for such service.

2. Chattel mortgages ⬅68—Evidence held sufficient to support, conclusion that illiterate mortgagor took no part in subscribing name to chattel mortgage.

Evidence *held* sufficient to support conclusion that illiterate mortgagor neither requested mortgagee to subscribe mortgagor's name to chattel mortgage nor touched pen while it was being subscribed.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action in detinue by Cora A. Hamilton, as administratrix of the estate of N. O. Hamilton, deceased, against W. M. Adams. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

J. A. Embry, of Ashville, and F. B. Embry, of Pell City, for appellant.

The appellee, by holding the pen while Hamilton guided it, became the signer of his own name. Lewis v. Watson, 13 So. 570, 98 Ala. 479, 22 L. R. A. 297, 39 Am. St. Rep. 82; Wright v. Forgy, 28 So. 198, 126 Ala. 389; Purser v. Smith, 76 So. 931, 200 Ala. 573; Goldsmith v. Gates, 88 So. 861, 205 Ala. 632. This case is distinguished from the cases of Levy v. Bloch, 6 So. 833, 88 Ala. 290, and Bardsdale v. Bullington, 69 So. 891, 194 Ala. 624, where the signature was by mark, and there was an absence of the mark and of subscribing witnesses.

M. M. Smith, of Pell City, for appellee.

The trial court heard the evidence ore tenus, and his finding should not be disturbed. Hackett v. Cash, 72 So. 52, 196 Ala. 403. A mortgage of personal property by one who cannot write, but makes his mark near his name written by another, is invalid unless the making of the mark is attested by a person who writes his own name thereto as a witness. Houston v. State, 21 So. 813, 114 Ala. 15. It is not a valid execution for the mortgagee to write the name of the mortgagor. Carlisle v. Campbell, 76 Ala. 247.

SAYRE, J. Appellant sued appellee in a statutory action of detinue for a team of horses and a wagon. Plaintiff's title was predicated on a mortgage signed "W. M. Adams" and attested by two subscribing witnesses. The execution of the mortgage was denied by a sworn plea. The trial was before the court without a jury, and, upon hearing the evidence, the court, holding the mortgage to be invalid, gave judgment for the defendant.

[1, 2] It is not disputed that Adams was unable to write his name. Plaintiff's case was that Adams requested the mortgagee, plaintiff's intestate, to subscribe his (defendant's) name to the instrument, and that he did so; defendant, the while, touching the penstaff. But defendant as a witness denied that he requested intestate to write his name upon the paper or touched the pen while it was being written. It has long been the law of this state that one person's name may be signed for him by another in his presence and by his direction (Goldsmith v. Gates, 88 So. 861, 205 Ala. 633); but the obligee in a contract cannot become the agent of the obligor for such service (Carlisle v. Campbell, 76 Ala. 249). A good many closely related cases may be found stated in Barksdale v. Bullington, 69 So. 891, 194 Ala. 624. The statute (section 8033, Code 1923) requires that mortgages of personal property, to be valid, must be made in writing and subscribed by the mortgagor. While a literate person, who knows what he is doing, but suffers at the time from some physical disability, may execute his signature with the help of another, it would seem that an illiterate, who cannot write, may not have the assistance of the obligee in the contract to be executed, if such contract falls within a class required by the statute to be subscribed. But, aside from this, the judgment must needs be affirmed, because, for aught we can learn from the record, the trial judge accepted the testimony of defendant to the effect that he neither requested plaintiff's intestate to sign his (defendant's) name nor touched the pen while his name was being subscribed. In this defendant is corroborated in a general way by the testimony of Edge whose name appeared on the mortgage as a subscribing witness. If this was the conclusion reached by the trial judge—and it may have been—we cannot say that it had not reasonable support in the evidence.

It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

———

On Rehearing.

SAYRE, J. The difference between this case on the one hand and Johnson v. Davis, 10 So. 911, 95 Ala. 293; Mash v. Daniel, 18 So. 8, 105 Ala. 393, and Barksdale v. Bullington, 69 So. 891, 194 Ala. 624, on the other, arises out of the fact that in these last-named cases the mortgagors executed the mortgages there in question by making their cross x marks, if that makes any difference. However, the testimony as to the execution of the mortgage here in question has been re-examined by the court and the majority now prefer to base their agreement with the trial judge on the proposition that the result in the trial court may have been determined by defendant's (appellee's) testimony that he did not request the mortgagee to sign the paper for him nor did he in any other way take part in making the alleged signature.

The application is denied.