(113 So. 490)

**MAYHALL v. HYDE.** (8 Div. 495.)

Court of Appeals of Alabama.  April 12, 1927.

Rehearing Denied May 17, 1927.

Williams & Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

RICE, J. This was a suit by appellant on a promissory waive note which purported to be executed by defendant (appellee) by mark; his signature purporting to be attested by one H. T. Camp.

Plaintiff's evidence, which was all that was introduced, tended to show that the note in question was written out by Camp, defendant's name signed thereto by Camp (defendant being unable to write his name), and that defendant touched the pen while Camp made a cross-mark for defendant, thus: "P. C. X Hyde." Opposite defendant's signature in the place where subscribing witnesses' names would usually appear was the signature of H. T. Camp.

Further, that the note was made payable to Armour Fertilizer Works, and that at the time it was taken plaintiff was the agent of said Armour Fertilizer Works, and that Camp was the employee and agent of plaintiff. Also that the note sued on was at the time of the institution of the suit, and the time of trial, the property of plaintiff.

Defendant interposed a sworn plea of non est factum.

In the case of Penton v. Williams, 163 Ala. 603, 51 So. 35, it was held by the Supreme Court that, "where an action is upon an instrument in the form of a note, and the plea of non est factum is interposed, the plaintiff must show the execution of the instrument before it is admissible in evidence," and that "a promisee cannot become the agent of the promisor for the purpose of signing his name to a contract, and hence, the payee of an instrument in the form of a note could not sign the maker's name thereto and have the maker make his mark in the execution thereof." Beginning with the case of Carlisle v. Campbell, 76 Ala. 247, and followed in Levy v. Bloch, 88 Ala. 290, 6 So. 833; Barksdale v. Bullington, 194 Ala. 624, 69 So. 891; Hamilton v. Adams, 214 Ala. 440, 108 So. 1, it is held that the obligee in a note or contract requiring a signature cannot become the agent of the obligor for the purpose of signature, nor can such obligee become the witness of the obligor as is contemplated by section 1 of the Code of 1923. The foregoing decisions are based upon the pecuniary interest of the obligee in the transaction, but the rule there laid down has never been extended to the agent of the obligee. On the contrary, in the case of Morris v. Bank of Attalla, 142 Ala. 638, 38 So. 804, where the mortgage was signed by mark and the at-

testing witness was the cashier and stockholder in the obligee bank, McClellan, C. J., dismisses the question as not requiring discussion. In Sowell v. Bank of Brewton, 119 Ala. 92, 24 So. 585, the court said:

"It is one thing to say that a party to an instrument is not competent to attest its execution, and quite another to say that his agent or attorney is also incompetent."

The court in that case proceeds to hold that the statute respecting a signature by a person who cannot write his name is complied with if the person makes his mark, his name written near it, and is attested by the agent or attorney of the obligee, unless such agent or attorney has at the time a certain direct and immediate interest in the event of a suit. In Smith v. Vaughn, 18 Ala. App. 91, 89 So. 302, it was held that the wife of the obligee was a sufficient witness. In N. C. & St. L. R. R. v. Nance, 212 Ala. 22, 101 So. 825, it was held to be error for the court to exclude a release, signed by mark and witnessed by the employees of the railroad company, in whose favor the release was given. And in Bean v. Pearsall, 12 Ala. 592, a clear distinction is drawn between an agent having a present pecuniary interest in the paper witnessed and one not having such interest.

In N. C. & St. L. Ry. Case, supra, the agent of the railway held the pen while the mark was being made, and the person signing simply touched the pen. This was treated by the court as the act of the party sought to be bound.

■ From the foregoing opinions we conclude that the agent or attorney of the obligee, having no present pecuniary interest in the note or contract then being made, may in a limited sense, act as the agent of the obligor in making his signature, may write his name, may hold the pen while the mark is being made with the obligor touching the pen, and become the attesting witness so as to constitute a valid signature under section 1 of the Code of 1923.

■ We also hold that, where one writes his name without words of attestation on a note, in the place where it is customary for attesting witnesses to sign, he will be presumed to have signed as a witness. 8 C. J. 109; Farnsworth v. Rowe, 33 Me. 263; Warren v. Chapman, 115 Mass. 584.

We must therefore hold that the trial court erred in excluding the note offered in evidence.

The application for rehearing is granted. The former opinion (21 Ala. App. 599, 110 So. 480) is withdrawn, and the foregoing opinion is substituted. The judgment is reversed and the cause is remanded.

Reversed and remanded.

## On Further Rehearing.

PER CURIAM. The suit was on a promissory note claiming a waiver of exemptions as to personalty. In order to bind the defendant as to the waiver, the note must be signed by the defendant. Code 1923, § 7960. The defendant being unable to write his name, his mark is his signature when his name is written near it and witnessed by a person who writes his own name as a witness. Code 1923, § 1.

■ The written name and the witness is for the purpose of identification of the X-mark made by the person sought to be bound. The X-mark is the signature, and must be made by the obligor or some one duly authorized by him. At the common law a person might adopt any form of signature, and, when adopted, was sufficient to bind the party using it upon all contracts requiring signature. 36 Cyc. 448, III A. McGowan v. Collins, 154 Ala. 299, 46 So. 228. So they may continue to do now, if literate.

For the purpose of protecting illiterate persons and to prevent fraud, signatures to certain instruments (one of which is here considered) are required to be executed in a certain way, so as to remove as far as possible doubt as to the act of the person making the mark. The mark is the act of the obligor. The name of the attesting witness is not a part of the signature but is necessary under the statute to give force to the X-mark made by the obligor, as is the writing of the obligor's name near the X-mark. Johnson v. Davis, 95 Ala. 293, 10 So. 911.

■ When the agent of the payee held the pen and the payor touched the pen while the mark was being made. the mark was that of the payor and not of the agent, although the payor in a sense acted through an agent.

The application for rehearing by appellee is overruled.