# Thomas as Admr. *v.* Sloss-Sheffield Steel & Iron Co.

[DECIDED DEC 21, 1905, 39 So. REP. 715]

1. *Master and Servant; Negligence; Intervening Cause; Death of Servant.*—A complaint alleging that decedent was a servant in the employment of the master to guard the opening of mines in which the master was working convicts to prevent their escape, and that while so engaged, decedent was shot and killed by a convict; and alleging that decedent's death was proximately caused by the negligence of the superintendent of the master in permitting the convicts to have a pistol, in failing to search convicts for firearms, and allowing ladders in the shaft leading to the opening being guarded by decedent, thus permitting the convicts to reach decedent, does not state a cause of action and is subject to demurrer, in that it discloses an intervening, efficient independent cause of the injury complained of, and the damages are too remote.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Benjamin F. Thomas, as administrator of the estate of William H. Thomas, deceased, against the Sloss-Sheffield Steel & Iron Company, for damages for the alleged wrongful killing of plaintiff's intestate. From a decree sustaining demurrers to the counts of the complaint, he appeals.

The complaint was as follows:

"The plaintiff, as the administrator of the estate of William H. Thomas, deceased, claims of the defendant corporation $30,000 damages, for that on, to-wit, the 23d day of August, 1902, plaintiff's decedent, William H. Thomas, was the servant of defendant corporation, and in the discharge of his duty, which duty was to watch and guard an opening from one of the mines operated by defendant in or near Coalburg in said county; that defendant employed in said mine, as labor to dig coal, certain prisoners, commonly called convicts, and said William H. Thomas was employed by defendant as its servant to guard said opening in said mine to prevent the escape of convicts from said mines through the opening. And plaintiff avers that while said William H. Thomas, deceased, was so engaged and employed at said opening, and in the discharge of his duty as the servant of defendant corporation, one of the prisoners so confined and employed by defendant shot deceased with a pistol and killed him; and plaintiff avers that the death of said William H. Thomas was proximately caused by the negligence of the defendant's servant, Walter Gresham ,in allowing and permitting said prisoners or convicts to have said pistol; and plaintiff avers it was the duty of said Gresham to superintend the section of said convicts, which he negligently failed to do while in the exrcise of such superintendence, to the great damage of plaintiff as aforesaid.   Hence this suit.

"(2) [Same as first count down to and including the words, where they first occur in said count, "with a pistol and killed him."]   And plaintiff avers that defendant, through its agent, James Ball. warden for said convicts, knew said convict was a dangerous man, sentenced to imprisonment for life, likely to take the life of any person within his power who was guarding him to prevent his escape from said prison or confinement, and that said prisoner was likely to attempt to escape from said imprisonment if provided with or allowed to have firearms.   And plaintiff avers that  defendant's  servant, James Ball, while acting as such warden and in the exercise of the duties thereof, negligently permitted said prisoner, Robert Store. to have a pistol in his possession,

and that such negligence on the part of defendant's servant was the proximate cause of the death of said William H. Thomas, to the great damage of plaintiff.

"(2 1-2). The plaintiff claims of the defendant thirty thousand dollars, for that on, to-wit, the 23d day of August, 1902, the defendant was operating a mine at or near Coalburg, in said county, by means of prisoners commonly known as convicts, and had plaintiff's intestate, William H. Thomas, employed as a guard to watch a shaft or hole reaching from the surface of the ground down into the mines, and while the decedent was so employed by defendant and in the discharge of his duty one of said convicts, Robert Stone, shot him with a pistol and killed him. And plaintiff avers that his death was proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, in this: that defendant allowed ladders to be in said shaft or hole, by means of which said convicts might climb from said mine to the surface, where decedent was stationed; and that said defective condition arose from, or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service of the defendant and intrusted by him with the duty of seeing that the ways, works, machinery, or plant were in proper condition.

"(3) The plaintiff as administrator of the estate of William H. Thomas, deceased, claims of the defendant corporation [same as first count doyn to the words "with a pistol and killed him"]. And plaintiff avers that the death of said William H. Thomas was proximately caused by reason of the negligence of James S. Ball, a servant of defendant, who had superintendence intrusted to him and was then in the exercise of such superintendence, in this; that it was the duty of said James S. Ball to search and examine said prisoner, the said Robert Stone, the prisoner who shot deceased, and see that he had no pistol while so confined; and plaintiff avers that he negligently failed to search and examine said Robert Stone, and that such negligence proximately resulted in the death of William H. Thomas, and hence this suit.

"(4) [Same as first, down to and including the words

[Thomas as Admr. v. Sloss-Sheffield Steel & Iron Co.]

"with a pistol and killed him."] And plaintiff avers that the prisoner, Robert Stone, who killed decedent, was a dangerous, desperate, bloodthirsty negro, sentenced to imprisonment for life, which was known to defendant's agents and servants who had custody of said prisoner; and plaintiff further avers that said agents and servants knew that if he was armed. it was reasonable to believe he would take the life of the deceased, the guard, in order to escape, and that with a knowledge of these facts they negligently permitted him to have a pistol, and that such negligence was the proximate cause of the death of said William H. Thomas. Hence this suit."

There were demurrers. to each one of these counts, which were sustained by the court. Counts A, B, and C, which are practically the above counts amplified and extended, were filed, to which demurrers were also sustained. The plaintiff declining to plead over, judgment was rendered for the defendant.

SHUGART & BELL, for Appellant.—The act of negligence on part of defendant's servant in charge of the convicts was the proximate cause of plaintiff's intestate's death.—W. Ry. of Ala. v. Mutch, 97 Ala. 194; 54 L. R. A. 491; 5 L. R. A. 442; Garlock v. Dorsey, 48 Ala. 220; Bailey's Master & Servant, §§ 434, 436.

The demurrers do not deny defendant's own negligence and wrong in permitting the dangerous convict to be armed with a pistol, but set up that the convict was an active intervening agent. The rule is where the negligence of the defendant and the act of a third person concurs to produce injury that would not have happened in the absence of either, the negligence is the cause of the injury.—Johnson v. West. Tel. Ex., 48 Mich., 433; Lane v. Atlantic, etc., 111 Mass. 136; Thompson v. L. & N. R. R. Co., 111 L. R. A. 148, s. c. 79 Ala.; A. G. S. R. R. Co. v. Arnold, 80 Ala 600; Insurance Co. v. Bann., 95 U. S. 117; Cooley on Torts, § 70.

The first wrongdoer is responsible for every supervening and accelerating cause which is naturally produced by it.—Williams v. Woodward, 106 Ala. 254; A. G. S. R. R. Co. v. Chapman, 80 Ala. 618; Lane v. Atlantic, 111 Mass.. 136; A. G. S. R. R. Co. v. Arnold, 80 Ala. 600;

[Reiter-Connolly Mfg. Co. v. Hamlin as Admr.]

*Eaton v. B. R. R. Co.*, 86 Am. Dec. 730.

WALKER, TILLMAN, CAMPBELL & WALKER, for Appellee.—(No brief came to the Reporter.)

DOWDELL, J.—The complaint contained several counts; one for willful killing of plaintiff's intestate, and the rest counting on simple negligence. The count on the willful killing was withdrawn, and demurrers, were sustained to the remaining counts, and, the plaintiff declining to plead over, judgment was rendered for the defendant.

The only question raised is whether the complaint contained a cause of action. We are quite clear both on reason and authorities that the complaint fails to state a sufficient cause of action. That there was an intervening, independent, and efficient cause of the injury complained of, between the alleged negligence and the injury, we think there can be no doubt. The principle stated in the following cases seem to settle the question and adversely to the appellant:—*Western Ry. of Ala. v. Mutch*, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; *Henderson v. Dade Coal Co.* (Ga.) 28 S. E. 251, 40 L. R. A. 95; and authorities cited in those cases. The damages are too remote.

The judgment appealed from must be affirmed.

HARALSON, TYSON, ANDERSON, and DENSON, JJ., concur.