# Southern Railway Co. v. Shook.

*Action for Damages for Death of Employe.*

(Decided April 11, 1907. 43 So. Rep. 579.)

1. *Master and Servant; Employer's Liability; Defect in Ways.—* The placing of a box car on the side track for use as a baggage room and so close to the main track that there was not sufficient space between that and the train for an employe to transfer baggage from said car to trains on the main track was only an obstruction and not a defect in the ways, works, etc., within subdivision 1, section 1749, Code 1896.

2. *Same; Complaint.—* A complaint charging that a railway employe's death resulted from the negligence of a person in the service of the company, whose name was unknown to the plaintiff, and who had control and management of the train the moving of which caused the death, and had authority to direct that the train be started, and that said person while exercising such superintendence negligently caused the train to be put in motion, thereby causing the death, states a good cause of action under subdivision 2, section 1749, Code 1896.

3. *Same; Safe Place to Work.—* Where there was nothing in the complaint indicating that death was due to any other cause than the moving of the train, a count charging that the company failed to provide the employe with a safe place to work did not state a good cause of action and was demurrable.

4. *Same.—* In the absence of proof that the baggage master had superintendence or control of the train or of facts from which the same could be inferred, a case is not made out on a complaint brought under subdivision 2, section 1749, Code 1896, by proof that the train was started in response to a signal given by such baggage master.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by B. F. Shook, administrator, against the Southern Railway Company. From a jurgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action by an employee of the defendant, or rather by the administrator of an employee, and the

cause of the death was by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used by the defendant in its business. The defect is alleged to be that the baggage room used by defendant at said place was a box car on a side track by the main line on which defendant's said passenger train was run, and that said box car was so near said main line that, when the baggage car of the train was opposite thereto, there was insufficient space for plaintiff's intestate to handle the baggage from the said box car to said baggage car of the train after said train was put in motion as herein averred, and that the defect arose from and had not been discovered, etc. The second count avers the death of the intestate by reason of the negligence of a person whose name is unknown to plaintiff, in the service of the defendant, who had control and management of said train, and had the authority to direct the said train to be started after its stop, and that this superintendence was intrusted to said person by the defendant, and that said person, while in the exercise of such superintendence, negligently caused said train to be put in motion. A great many demurrers were interposed to both of these counts, which are unnecessary to be here set out. The other facts sufficiently appear in the opinion of the court. There was judgment for plaintiff in the sum of $1,990, and defendant appeals.

HUMES & SPEAKE, for appellant.—As to an assumption of risk, under the facts in this case, the court's attention is called to the following authorities:—*Eureka Co. v. Bass*, 81 Ala. 200; *L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *E. T. V. & G. R. R. Co. v. Turbeville*, 97 Ala. 122; *McNamara v. Logan*, 100 Ala. 187; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508; *L. & N. R. R. Co. v. Stutz*, 105 Ala. 368. An employee assumes the risks of obvious danger.—*Boland v. L. & N. R. R. Co.*, 106 Ala. 649; *Bridges v. T. C. I. & R. R. Co.*, 109 Ala. 287; *Worthington v. Goforth*, 124 Ala. 656; *Schloss Co. v. Knowles*, 129 Ala. 410; *Boyd v. Indian Mills*, 131 Ala. 356; *Pioneer M. & M. Co. v. Thomas*, 133 Ala. 279. On

[Southern Railway Co. v. Shook.]

the question of contributory negligence of Brown the court's attention is called to the following authorities: *L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *M. & O. R. R. Co. v. George*, 94 Ala. 199; *K. C. M. & B. R. R. Co. v. Burton*, 97 Ala. 240. An employee is not justified in doing an obviously dangerous act even on the order of his superior.—*George v. M. & O. R. R. Co.*, 109 Ala. 245; *Davis v. Western Ry. of Ala.*, 107 Ala. 626. The conditions complained of do not constitute a defect in the ways, works, etc.—*Ga. Pac. Ry. v. Brooks*, 84 Ala. 154; *B. F. & M. Co. v. Gross*, 97 Ala. 220; *K. C. M. & B. R. R. Co. v. Burton, supra; L. & N. R. R. Co. v. Bouldin*, 110 Ala. 185; *Clements v. A. G. S. R. R. Co.*, 127 Ala. 160; *Southern Ry. Co. v. Moore*, 128 Ala. 434; *Bivins v. G. P. Ry. Co.*, 96 Ala. 325; *Felch v. Allen*, 98 Mass. 573; *L. & N. R. R. Co. v. Jones*, 130 Ala. 456. It rests on the employee to select the way of doing the work.—*H. A. & B. R. R. Co. v. Walters*, 91 Ala. 435. Davis, the baggage master was not intrusted with any superintendence.—*Dantzler v. DeBardalaben C. & I. Co.*, 101 Ala. 309; *Freeman v. Schloss Co.* 137 Ala. 481. Charges requested by defendant as to damages should have been given.—*A. G. S. R. R. Co. v. Hall*, 105 Ala. 600; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 212; *James v. R. & D. R. R. Co.*, 92 Ala. 231; *L. & N. R. R. Co. v. Orr, supra.* The count ascribing the injury to one having superintendence intrusted to him was subject to the demurrers interposed.—*Decatur Co. v. Mehaffey*, 128 Ala. 242.

BILBRO & MOODY, for appellee.—The 1st count of the complaint was not subject to the demurrers interposed. —*Birmingham R. M. Co. v. Rockhold*, 143 Ala. 115; *McNamara v. Logan*, 100 Ala. 187; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508; *G. P. R. R. Co. v. Davis*, 92 Ala. 306; section 1749, subd. 1, Code 1896. The 2nd count was not subject to the demurrers interposed.—Subd. 2, section 1749, Code 1896; *Southern C. & F. Co. v. Bartlett*, 137 Ala. 234. The 5th count was good.—1 Lebatt, M. & F., § 22 and 22a. The question, what was the cause of the accident, was improper.—*Southern Ry. Co. v. McGowan*, in MS. The court properly refused charge

4.—*Tutwiler v. Enslen,* 129 Ala. 348; *Jones' Case,* 92 Ala. 31.

ANDERSON, J.—The first count of the complaint attempted to set out a cause of action under subdivision 1 of the "Employer's Liability Act" (section 1749 of the Code of 1896), which provides against a defect in the ways, works, machinery, etc.; but in attempting to describe the defect it fails to show that there was any defect, or that the intestate's death was the result of a defect, if one existed. The placing or leaving of the box car on the side track was at most an obstruction, and in no sense constituted a defect in the ways, works, etc. —*L. & N. R. R. v. Bouldin,* 110 Ala. 185, 20 South. 325; *K. C., M. & B. R. R. v. Burton,* 97 Ala. 240, 12 South. 88; *B. F. & M. R. R. v. Gross,* 97 Ala. 220, 12 South. 36. The trial court erred in not sustaining the demurrer to this count.

The second count of the complaint was framed under the second subdivision of the statute, and was not subject to the demurrers interposed.

The fifth count of the complaint charges a failure to provide the plaintiff's intestate with a safe place in which to discharge his duty, but shows that his death was not the result of said failure. It avers that death resulted from the starting of the train while the intestate was between it and the box car, and the demurrer to this count should have been sustained. There is nothing in the complaint indicating that the intestate's death was the result of an unsafe place, or was due to any cause other than the moving of the train. The place was safe as long as the train was stationary, and the intestate would not have been killed if the train had not started while he was in a certain position.

Since this case must be reversed, we deem it necessary to discuss the questions involved only so far as they relate to the good count. The second count avers that the train was started by a person in control thereof and who had the superintendence of same. The undisputed evidence shows that the train was started forward, after it had been backed, in response to a signal

given by Sam Davis, the baggagemaster, and there was no proof that he had the superintendence or control of the train, and no facts from which it could be so inferred. Therefore the plaintiff failed to prove his count, or to make out a case under the second subdivision of the statute. It is true the engineer or fireman may have actually started the train, but there is no proof that they knew of the intestate's position at the time they did so; and, as they acted entirely upon the signal of Davis, they did not negligently start the train. As to whether or not the facts bring the case within the fifth subdivision, and whether or not Davis signaled the starting of the train upon the orders of the intestate, we need not decide, as that question is not before us. It is sufficient to say that the proof did not support the present complaint.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLLAN, JJ., concur.