(85 South. 289)

## CLINTON MINING CO. v. LOVELESS.
### (6 Div. 830.)

(Supreme Court of Alabama. Jan. 15, 1920. Rehearing Denied Feb. 5, 1920.)

1. **Pleading** ⊂⊃8(17)—**Averment of causation between negligence and injury, contradicted by facts alleged, will be disregarded.**

Complaints charging negligence, as in an action for death of a servant, must allege facts showing a proximate causal connection between the negligence charged and the injury, or must expressly charge the causation, such a charge, though made as a conclusion, being sufficient; but where the facts as shown contradicted the averment of causation, the latter will be disregarded, as a mere conclusion, on apt demurrer.

2. **Pleading** ⊂⊃8(17)—**Complaint demurrable in averring as conclusion there was causation between negligence and injury.**

Administratrix's complaint for death of coal mine employé, showing her intestate was injured in a way and under circumstances foreign to the mining company's alleged negligence in failing to provide ladder for use in pulling down loose rocks, *held* demurrable in its averment by way of conclusion that negligence complained of was cause of injury.

3. **Master and servant** ⊂⊃129(4)—**Employer not liable, where negligence did not cause injury.**

Where defendant coal mining company's negligent omission to furnish an employé a ladder to use in removing loose rock was not shown to have even furnished the condition, or given rise to the occasion by which the injury to plaintiff's decedent, when a rock fell, was made possible, defendant is not liable for the death of its employé.

4. **Master and servant** ⊂⊃96(1) — **Employer not liable for death for which its negligence was not the cause.**

It is not sufficient, to subject an employer to liability for death of its servant, that its negligence merely furnished the condition, or gave rise to the condition, whereby the injury to the servant was made possible; such causation being too remote for judicial cognizance.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Grace M. Loveless, as administratrix of the estate of W. R. Loveless, against the Clinton Mining Company, for damages for the death of her intestate while in its employ. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The case went to the jury on counts 9 and 10, both of which contained the following statement:

Plaintiff claims of the defendant $30,000 as damages, for that heretofore, to wit, on the 5th day of July, 1915, defendant was engaged in the operation of a mine, to wit, an ore mine, in Jefferson county, Ala., and at said time plaintiff's said intestate, W. R. Loveless, was in the service or employment of defendant in said mine, and while engaged in or about the work which he was employed by defendant to do in said mine, to wit, in or about timbering or preparing to timber or support a certain part of the roof or top, a part of said roof fell upon or against plaintiff's said intestate, and as a proximate consequence thereof he was so injured that he died.

Count 9 charges as follows:

And plaintiff avers that the defendant negligently failed or refused to provide for use in said mine reasonably safe, suitable, or sufficient implements, tools, or appliances with which, or by means of which, portions of the top or roof of said mine, which needed to be pulled down or removed, could be pulled down or removed with reasonable safety; and the plaintiffs aver that, as a proximate consequence and by reason of the said negligent failure, refusal, or breach of duty on the part of said defendant, the said intestate was injured and killed.

Count 10 charges as follows:

And the plaintiffs aver that it became and was the duty of said defendant to exercise reasonable care in and about furnishing reasonably safe, sufficient, or suitable appliances, implements, or tools with which, or by means of which, rock or portions of the roof in said mine could with reasonable safety be pulled down or removed; and the plaintiffs aver that in order for such portions of the roof or top of said mine to be pulled down or removed with reasonable safety it was reasonably necessary to have a ladder or ladders or similar appliance enabling the operator to stand in a place of reasonable safety while inspecting or removing such portions of the roof or top; and the plaintiffs aver that the said defendant negligently breached its said duty in the premises in this: It negligently failed or refused to furnish such ladder or ladders or similar appliances, and as a proximate consequence of the said negligence said intestate was injured and killed as aforesaid. And the plaintiffs aver that the death of their said intestate was the proximate consequence of the said negligence of the said defendant as aforesaid.

A demurrer to each of the counts, assigning the following grounds, was overruled by the trial court:

(5) Because it appears from the allegations of said counts that plaintiff's intestate was en-

gaged in propping up the roof of the mine at the point of accident, and it does not appear that he had any need for tools or implements with which to pull the rock down which fell upon him.

(6) Because it appears from the allegations of the counts that plaintiff's intestate was at the time of the accident timbering or preparing to timber or support a certain part of the roof or top of the mine, from which a rock fell upon him and caused his death, and it does not appear how or in what manner the failure to furnish implements with which to pull down the rock proximately contributed or caused plaintiff's intestate to be injured.

(7) Because, from all that appears in said counts to the contrary, plaintiff's intestate voluntarily elected to timber or prop up the portion of the roof of the mine which fell upon him, and it does not therefore appear that he would have used tools with which to pull the rock down, if he had had them.

(8) Because said count fails to show that plaintiff's intestate did not as a matter of fact have some tools or implements with which to pull the rock down, but merely avers that he did not have proper or sufficient tools and implements, and it does not appear from the allegations of said count that said improper tools or the lack of sufficient tools proximately caused the death of plaintiff's intestate.

(9) Because it appears from the allegations of said counts that plaintiff's intestate was preparing to prop up that portion of the roof which fell upon him, and, from all that appears in said count to the contrary, he voluntarily elected to prop the same up, and not pull any portion of it down, and that he would not have pulled it down, had he had sufficient tools and implements at hand.

The trial was had upon the general issue and pleas of assumption of risk and contributory negligence. The evidence showed the following undisputed facts:

William Loveless, intestate of plaintiff, was employed by the defendant company as a timber man, and was a foreman in that capacity when he was killed. After talking with Pitts, the bank boss, Loveless went into the mine and went directly to the twelfth left heading, with two of his men. A timber supporting the roof near the middle of the "upset" had been blown down or had fallen, and was lying on the floor, and the hitch in which it had rested was partly filled with loose slate and ore. Loveless stood to one side, while his two helpers, so ordered by him, cleaned out the hitch. Then he placed his lamp on the end of a pole, and held it up to examine the roof, which disclosed an extensive crack in the overhanging rock. Loveless looked at the crack, but did not sound the rock, to see if it was loose. He made no remarks about it, but proceeded to measure the height required for supporting timbers, and as he was withdrawing the measuring instrument the rock fell upon him and killed him instantly. The defendant company did not use or provide ladders for its employés in taking down loose rock from the mine roof, and the testimony of experts differed as to the necessity or propriety of using ladders for that purpose in a mine having roof as high as defendant's mine. Some of them testified that the better and safer plan is to use scaffolding made of timbers, when it is necessary to get up clear to the loose rock, and there was no testimony tending to show that that was not a safe and practicable way, though not so quick and convenient as the use of ladders. There was no evidence tending to show that Loveless thought the rock was loose enough to require its removal, or that he ever at any time had its removal in view, or that he had any design with respect to it, other than to support it with timbers, which he was proceeding to do when it fell.

The general affirmative charge as to each count was requested by the defendant, and refused, and there was verdict and judgment for the plaintiff in the sum of $10,000.

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

It was the duty of plaintiff's intestate to keep the roof of the mine in good condition, and no negligence is attributable to the defendant in regard to the roof. 183 Ala. 127, 62 South. 536; 171 Ala. 216, 55 South. 93; 133 Ala. 279, 32 South. 15; 166 Ala. 482, 52 South. 86. Proof of accident, without proof of negligence, is not sufficient to make out a prima facie case. 76 South. 17; 183 Ala. 132, 62 South. 757. The demurrers to the count should have been sustained. 163 Ala. 244, 50 South. 926; 150 Ala. 361, 43 South. 579; 164 Ala. 131, 51 South. 377; 197 Ala. 541, 73 South. 97; 71 South. 685.

Harsh, Harsh & Harsh and Erle Pettus, all of Birmingham, for appellee.

The complaint was sufficient. 57 Ala. 144; 121 Ala. 50, 25 South. 793, 77 Am. St. Rep. 17; 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; 149 Ala. 474, 42 South. 1019; 168 Ala. 619, 53 South. 76; 7 Ala. App. 462, 61 South. 22. If the master fails to furnish proper or suitable means with which to do the work in a proper way, and a servant is injured in an attempt to do the work with the means at hand, and is injured by reason of not having proper tools, the injury is a proximate result of the failure to furnish such tools. 139 Ala. 425, 36 South. 181; 193 Ala. 639, 69 South. 76; 182 Ala. 656, 62 South. 104; 144 Ala. 280, 40 South. 211; 92 Ala. 218, 9 South. 276; 100 Ala. 451, 14 South. 287; 183 Ala. 326, 62 South. 859; 178 Ala. 554, 59 South. 498; 141 Ala. 479, 37 South. 789; 199 Ala. 231, 74 South. 360.

SOMERVILLE, J. A condensed paraphrase of the several counts of the complaint, showing their essential features, may be

stated as follows: (1) It was defendant's duty to furnish ladders, or similar appliances, for the use and safety of its workmen while pulling down or removing loose rock (which needed to be so treated) from the roof of its mine; (2) defendant negligently failed to furnish such ladders or appliances; and (3) as a proximate result of that failure a large rock fell from the roof of the mine upon plaintiff's intestate, while he was doing the work he was employed to do, viz. propping or preparing to prop said rock.

Several grounds of demurrer aptly challenge the sufficiency of the several counts, in that, on the facts alleged, they show no proximate causal connection between defendant's negligent omission to furnish a ladder for the safe removal of the rock, and the falling of the rock on intestate while he was engaged in propping it up.

[1] Complaints charging negligence must allege facts showing a proximate causal connection between the negligence charged and the injury complained of, or, if no such facts are shown, or they are equivocal as to the inference of causation, they must expressly charge the causation. Such a charge, though made as the mere conclusion of the pleader, is held to be sufficient. Merriweather v. Sayre M. & M. Co., 161 Ala. 441, 49 South. 916.

But, where facts are shown which contradict the averment of proximate causation, the latter, being a mere conclusion, will be disregarded on apt demurrer; that is to say, when the facts and circumstances alleged generate a prima facie presumption that there was no proximate causal connection between the injury suffered and the negligent act or omission charged, the mere averment of such connection as a conclusion of the pleader is not sufficient as against demurrer. See Southern Ry. Co. v. Shook, 150 Ala. 361, 43 South. 579; Thomas, Admr. v. S.-S. S. & I. Co., 144 Ala. 188, 39 South. 715; Ritch v. Kilby, etc., Co., 164 Ala. 131, 51 South. 377.

[2] Prima facie, the complaint here exhibited shows that intestate was injured in a way and under circumstances that are wholly foreign to defendant's alleged negligence in failing to provide a ladder for some person to use for safety in pulling down loose rock. Having thus stated the quo modo of the injury, it was necessary for the pleader to rebut the obvious presumption of non-causation by averring facts, and not merely a conclusion, showing a proximate sequence of cause and effect from the negligent omission to the injury.

The argument of plaintiff's counsel is that intestate may have designed to pull down the rock, knowing or concluding that it should be removed, but that, having no ladder or other similar appliance available, he was driven to the expedient of propping it up instead, and thereby proximately driven to his death. If such assumed facts are sufficient to support the theory of proximate causal connection, which we need not now determine, they ought at least to have been averred in the complaint. We hold that the demurrers to counts 8, 9, and 10, aptly challenged their sufficiency in this regard, and that they were well taken and should have been sustained. In overruling them the trial court committed prejudicial error.

[3, 4] The conclusion is still clearer, on the evidence adduced, that the defendant was entitled to have the general affirmative charges given to the jury in its behalf as requested. There was not a particle of evidence to lend support to the theory, essential to plaintiff's case, that defendant's omission to furnish a ladder or other appliance by means of which the intestate might have safely pulled down this rock, was the proximate cause, in a legal sense, of his death as it actually happened. It does not appear that he even suspected that the rock was so loose and dangerous that it was his duty to remove it, nor that he ever had the remotest intention or wish to do so. Such an intention or conclusion on his part, and his compulsory choice of propping the rock, if relevant, must be inferred from the evidence, and there was not a single fact in evidence to raise those inferences above the realm of idle and unauthorized conjecture. Indeed, the evidence affirmatively refutes them, so that defendant's negligent omission, if conceded, does not appear to have even furnished the condition, or given rise to the occasion, by which the injury was made possible—a form of causation which the law regards as too remote for judicial cognizance. Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685.

Other questions need not be considered. For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.