(101 So. 825)

### NASHVILLE, C. & ST. L. RY. v. NANCE.
### (8 Div. 683.)

(Supreme Court of Alabama. Oct. 16, 1924.)

**1. Pleading ⬤═8(17)—Averment of causation between negligence and injury, contradicted by facts alleged, demurrable.**

Complaint, alleging negligence of defendant railroad in failing to provide reasonably safe place for plaintiff to work, and that as proximate cause he was injured by a shot by an independent person, *held* demurrable, as from the averments it appeared that such shot was the proximate cause, and defendant's negligence a remote cause, of the injury.

**2. Release ⬤═53—Evidence of execution of release for personal injuries admissible under pleadings.**

Evidence of release in settlement of personal injuries, and delivery of draft, *held* admissible under plea of general issue, with leave to prove any matter which would be defense if specially pleaded.

**3. Release ⬤═9—Exclusion of personal injury release and draft, because defendant's employés assisted in plaintiff's signature by mark, and were subscribing witnesses, held erroneous.**

That plaintiff's name was written to release of claim for injuries and on back of draft in settlement thereof by employés of defendant, one of whom then held the pen when defendant touched it and made his mark on each instrument, and that such employés were subscribing witnesses thereto, did not render the instruments inoperative, or the employés incompetent as witnesses to prove their execution, in view of Code 1907, § 3973.

**4. Trial ⬤═244(4), 253(9)—Instruction as to assumption of risk of employment held erroneous, as giving undue prominence and ignoring evidence.**

Instruction that, if plaintiff continued in employment in reliance on statement of person in charge that threats by persons afterwards injuring him were only bluff, there could be no finding that plaintiff assumed the risk, *held* erroneous, as giving undue prominence to such person's opinion, and ignoring plaintiff's evidence and his opinion as to such threats.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Action for damages by Everett Nance against the Nashville, Chattanooga & St. Louis Railway. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Charge 3, given for plaintiff, is as follows:

"If the plaintiff continued in his employment in reliance upon the statement of Dr. Waldrop, the guard in charge, that the statements in the nature of threats communicated to him by the plaintiff were only bluff, then you cannot find that plaintiff assumed the risk."

Spragins & Speake, of Huntsville, for appellant.

The alleged negligence of defendant was not the proximate cause of plaintiff's injuries; there is no liability for an injury so unusual as not to have been reasonably anticipated. Clinton Min. Co. v. Loveless, 204 Ala. 77, 85 So. 289; Garrett v. L. & N., 196 Ala. 52, 71 So. 685; Ross v. W. U. T. Co., 81 Fed. 676, 26 C. C. A. 564; Carter v. A. C. L., 109 S. C. 119, 95 S. E. 357, 11 A. L. R. 1411; Sloss Co. v. Thomas, 202 Ala. 231, 80 So. 69; Jackson L. Co. v. Lawford, 204 Ala. 83, 85 So. 262; Manwell v. Durst, 178 Cal. 752, 174 P. 881, 1 A. L. R. 669; Republic I. & S. Co. v. Brown, 4 Ala. App. 329, 58 So. 761. The check and release should have been admitted in evidence; the fact that attestation was made by employés of defendant did not make them incompetent as witnesses. Morris v. Bank, 153 Ala. 352, 45 So. 219; Barksdale v. Bullington, 194 Ala. 624, 69 So. 891; Penton v. Williams, 150 Ala. 153, 43 So. 211; McGowan v. Collins, 154 Ala. 299, 46 So. 228; Mash v. Daniel, 105 Ala. 393, 18 So. 8; Johnson v. Davis, 95 Ala. 293, 10 So. 911; 36 Cyc. 453. The fact that the servant has complained to the master will not relieve him of assumption of risk. 26 Cyc. 1209; Alteriac v. W. P. Coal Co., 161 Ala. 435, 49 So. 867; So. Cot. Oil Co. v. Walker, 164 Ala. 33, 51 So. 169; St. L. & S. F. v. Phillips, 165 Ala. 504, 51 So. 638; Weigreffe v. Daw, 40 Ill. App. 53; Starne v. Schlothane, 21 Ill. App. 97; Chicago, etc., Co. v. Simmons, 11 Ill. App. 147.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellee.

Appellant was liable under the facts of this case. 12 Cyc. 178; Norton v. Randolph, 176 Ala. 381, 58 So. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714; Mason v. Scheffer, 203 App. Div. 332, 197 N. Y. Supp. 22; Katz v. Kadans, 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401; Ward v. Neal, 35 Ala. 602; Id., 37 Ala. 500; Armstrong v. Montgomery S. Ry., 123 Ala. 233, 26 So. 349. The court did not err in rulings on admissibility of the release and draft. Carlisle v. Campbell, 76 Ala. 247; Morris v. Bank, 153 Ala. 352, 45 So. 219.

MILLER, J. This is a suit for damages by Everett Nance against the Nashville, Chattanooga & St. Louis Railway, a corporation, for injuries received by his being shot in or through the wrist of his right arm while engaged in the discharge of his duties under his employment. There was judgment, based on a verdict of a jury, in favor of the plaintiff, and from it this appeal is prosecuted by the defendant.

[1] The cause was submitted by the court to the jury on one count, numbered 4. The demurrers of the defendant to this count

were overruled. This is the first error insisted upon by the defendant. This count alleged plaintiff was an 'employé of the defendant, and while engaged in the discharge of his duties about his employment, he was shot through the wrist of his right arm, in the state of Tennessee, and was made sick and sore, and suffered physical and mental pain from the wound. It then avers:

"That his injury was proximately caused by reason of the fact that the defendants, its servants, and agents in charge of the premises, where plaintiff's duties to the defendant required him to be, knew that certain persons, whose names are unknown to plaintiff, would likely or probably attack plaintiff or some of the employés of defendant, employed and its service at the place where plaintiff was working, and plaintiff was shot by some of said persons, while in the discharge of his duties to defendant, and defendant negligently failed to take suitable and proper precautions to make the place where plaintiff was working reasonably safe for plaintiff and its other employés to perform the work assigned to them, although defendant could by the exercise [of] due diligence have prevented such injury, as was its duty, to plaintiff's damages as aforesaid."

This count alleges it was the duty of the defendant to provide a reasonably safe place for him to work. It avers a negligent breach of that duty, and as a conclusion it avers, as a proximate consequence of the breach, he was injured, shot through the wrist. It appears from the facts alleged that an intervening force, a shot, by an independent person caused the injury, and the negligence of the defendant in failing to provide a reasonably safe place for plaintiff to work was the remote and not the proximate cause thereof; and it avers no facts showing the injury could have been reasonably expected, at that time and place, by the defendant, and that defendant could have prevented it by providing a reasonably safe place for plaintiff to work, and the injury was the consequence of this negligence of the defendant. The facts alleged contradict the conclusion that the injury was proximately caused by the negligent failure of the defendant to provide a reasonably safe place for the plaintiff to work. The demurrers of the defendant aptly point out these defects in the count, and they should have been sustained by the court under the authorities here cited. Clinton Mining Co. v. Loveless, 204 Ala. 77, 85 So. 289; So. Ry. Co. v. Shook, 150 Ala. 361, 43 So. 579; Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 So. 685; Tobler v. Pioneer, 166 Ala. 482, 52 So. 86.

The defendant pleaded general issue to count 4, with leave to give in evidence any matter which would be a good defense if specially pleaded, with like leave to plaintiff to reply in like manner to the pleas. The defendant offered in evidence a release, containing a receipt signed by the plaintiff for $56.86 from the defendant in settlement of personal injuries received, involved in this suit, and a draft for $25 of the amount payable to the plaintiff drawn on the treasurer of the defendant. The plaintiff denied the execution of these instruments, and denied receiving any money thereon. There was evidence by A. F. McConnell that the plaintiff could not write his name. His name was written to the release by A. F. McConnell, and plaintiff held the pen while his mark was being made by McConnell to his name to the instrument. The instrument was attested by McConnell and J. W. Floyd, by each writing his own name. McConnell testified that plaintiff was fully informed of the nature and contents of the instrument, and signed it voluntarily in the manner aforesaid. The draft for $25 was delivered to plaintiff by him. W. B. Reed testified he wrote the name of plaintiff on the back of the draft; that plaintiff made his mark there, and Reed wrote his name as a witness thereon, and he saw plaintiff collect from the treasurer of the defendant $25. There was evidence by McConnell that defendant paid the balance of the $56.86 to the plaintiff prior to the execution of these papers. At the time of the execution of the release and the indorsement of the draft by the plaintiff, the evidence shows that A. F. McConnell was claim agent of the defendant, J. W. Floyd, the other subscribing witness to the release, was a stenographer of the defendant, and W. B. Reed was a porter of the defendant.

[2] The court, on motion of plaintiff, excluded all the foregoing evidence offered by the defendant in regard to the release, the draft, and the payment of the money, and satisfaction of the claim. Under the special issue, by agreement of the parties in this case, any evidence tending to show payment of the claim prior to the commencement of the suit was relevant and competent, and the court erred in excluding it. It is true the plaintiff denied that he settled or received payment of the claim; but the oral evidence of witnesses for the defendant clearly indicates that defendant paid plaintiff the sum of $56.86 in full payment and settlement of this claim before the suit was commenced. This made the issue of payment and settlement between the parties one for the jury, and not the court, to decide.

[3] The court erred in excluding the release and the draft for $25 from the jury. They show on their faces that they were in settlement for personal injuries involved in this cause. Because the name of the plaintiff was written to the release and on the back of the draft by an employé of the defendant, and an employé of the defendant held the pen when the plaintiff touched it, and made his mark to each instrument, and because these respective employés were subscribing witnesses, writing their names as witnesses to the respective papers, did

not render the instruments inoperative and invalid and the employés incompetent witnesses to prove the respective executions of them by the plaintiff. Mash v. Daniel, 105 Ala. 393, 18 So. 8; Mobile v. Bank of Attalla, 153 Ala. 352, 45 So. 219; Barksdale v. Bullington, 194 Ala. 624, 69 So. 891; McGowan v. Collins, 154 Ala. 299, 46 So. 228.

Releases and discharges in writing, whether of a debt of record or a contract under seal or otherwise, must have effect according to the intention of the parties thereto. Section 3973, Code 1907. The court erred in excluding from the jury the release and draft for $25. There was evidence tending to show each was voluntarily executed by the plaintiff, and that he received the $56.-86 mentioned therein in full settlement of the claim involved in this cause. Authorities supra.

[4] There was evidence of the plaintiff tending to show that many of the employés of the defendant were on a strike. The plaintiff was employed by the defendant to cook for and carry the meals and water to two employés of the defendant, who were guarding a bridge across Coney Folk river against injury by the strikers. He cooked about a mile from where the guards were at work at the bridge. He was carrying water or meals or both to the guards when some parties walked past him, told him to get away from there, and then shot him in the wrist. One shot "glanced on right side of his head, and another shot ranged across his stomach." Four or five days prior to this some white men threatened him, telling him, "If you don't get away from here, we are going to kill you." The plaintiff told Dr. Waldrop, the person in charge there for the defendant, of this occurrence, and he stated there was no danger, they were only talking, trying to bluff him away, and plaintiff said:

"I was not afraid, and told him [Dr. Waldrop] I was not scared. I thought myself that these men who threatened me were joking. I had a 32 pistol. I did not ask Dr. Waldrop to furnish a guard to walk along there with me."

The court erred in giving written charge No. 3, requested by the plaintiff. It gives undue prominence to the opinion evidence of Dr. Waldrop, and ignores the evidence of the plaintiff and his opinion as to the threats.

The defendant insists the general affirmative charge with hypothesis in its favor, which was in writing, should have been given by the court, because the evidence fails to show a cause of action against the defendant, and if it does, then the evidence without dispute shows an assumption of risk by plaintiff which would bar his right to recover. These questions we need not consider and decide, for the judgment must be reversed for the errors mentioned. The complaint may be amended, and the evidence may be different, if the case is tried again.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.