(89 South. 302)
SMITH v. VAUGHN. (6 Div. 833.)

(Court of Appeals of Alabama. Feb. 1, 1921. Rehearing Denied April 5, 1921.)

I. Pleading ⊗⟹248(3)—Addition of count for money loaned to complaint on note not a departure.

The addition to a complaint on a promissory note of a count claiming for money loaned growing out of the same transaction is not a departure.

2. Bills and notes ⊗⟹54—Mark witnessed by payee's wife held proper signature if maker could not write.

Under Code 1907, § 1, defining signature as including mark, etc., where defendant signed a note by mark, and it was witnessed by the payee's wife, there was a sufficient attestation and signature if she could not write.

3. Bills and notes ⊗⟹54—One signing by mark adopts it as signature.

If one signing a note by her mark could write, she thereby adopted the mark as her signature.

4. Appeal and error ⊗⟹931(1)—Questions as to signing of note held questions of fact, as to which finding presumed correct.

Questions as to whether defendant made her mark to a note, whether the mark was attested, and whether she could write were ques-

[1] Ante, p. 67.

tions of fact for the trial court trying the cause without a jury, with every presumption to be indulged by the Court of Appeals as to the correctness of its findings.

**5. Husband and wife ⬾235(2)—Whether debt for which note was given was that of husband or wife held a question of fact.**

In an action against a married woman on a note, it was a question of fact whether the debt was that of the husband or of the wife.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Assumpsit by M. C. Vaughn against Maggie Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied 206 Ala. 9, 89 South. 303.

Mathews & Mathews, of Bessemer, for appellant.

There was a departure. 74 Ala. 107, 49 Am. Rep. 809; 111 Ala. 248, 164 Ala. 6, 51 South. 238; 154 Ala. 580, 45 South. 686; 152 Ala. 262, 44 South. 592. No valid execution of the instrument is shown. 76 Ala. 247; 163 Ala. 603, 51 South. 35. The debt was that of the husband, for which the wife cannot be bound. 97 Ala. 726, 12 South. 414; 114 Ala. 238, 21 South. 949; 195 Ala. 549, 70 South. 719.

Smith & Morrow, of Birmingham, for appellee.

The amendment was not a departure. Section 5367, Code 1907; 111 Ala. 248, 19 South. 995. Execution of the note was shown, and no error was committed in its introduction. Section 1, Code 1907; 156 Ala. 480, 47 South. 310.

SAMFORD, J. [1] The suit was originally brought in the justice court, where recovery was sought on a promissory note. From a judgment for plaintiff in that court, defendant appealed to the circuit court, where the trial was had de novo, by the judge without a jury. In the circuit court plaintiff was allowed, over the objection of defendant, to amend the complaint by adding the common counts for money loaned, but it will be unnecessary to notice the objection to this, because the final judgment of the court was upon the count declaring on the note, and no evidence was introduced authorizing a consideration of any other count. Beside the addition of a count claiming for money loaned, growing out of the same transaction, is not a departure.

[2-4] Under section 1 of the Code of 1907, signature includes mark when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as a witness. There was evidence to the effect that defendant made her mark, and the note was witnessed by Edna I. Vaughn, the wife of the payee. This was a sufficient attestation, and, if the defendant could not write, was a signature as defined by the statute. Johnson & Co. v. Davis, 95 Ala. 293, 10 South. 911. There being evidence that the defendant made her mark to the note, if she could write, such was an adoption of the mark as her signature. These were questions of fact for the trial court, trying the cause without a jury, with every presumption to be indulged by this court as to their correctness.

[5] It was also a question of fact as to whether the debt was that of the husband or wife.

We find no error in the record, and the judgment is affirmed.

Affirmed.