(110 So. 480)

### MAYHALL v. HYDE. (8 Div. 495.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 23, 1926.)

**1. Bills and notes ⬳54—Payor's name or mark cannot be signed to note by payee or his agent.**

Payee or his agent cannot sign payor's name or make his mark to note.

**2. Bills and notes ⬳54—Note sued on containing payor's mark made by payee's agent held properly excluded under plea of non est factum.**

In suit on note defended under plea of non est factum, exclusion from evidence of note containing mark of payor made by agent of payee *held* proper.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action by N. W. Mayhall against P. C. Hyde. Judgment for defendant, and plaintiff appeals. Affirmed.

Williams & Chenault, of Russellville, for appellant.

The fact that Camp was an employé of plaintiff did not disqualify him to sign defendant's name to the note and to witness the same. Vizard v. Robinson, 181 Ala. 349, 61 So. 959; Gill v. Daily, 105 Ala. 324, 16 So. 932; Morris v. Bank of Attalla, 142 Ala. 638, 38 So. 804; Id., 153 Ala. 352, 45 So. 219; Maddox v. Wood, 151 Ala. 157, 43 So. 968.

J. Foy Guin, of Russellville, for appellee.

The payee of a note may not become agent of the maker for the purpose of affixing the maker's signature thereto. Unless there is a disinterested witness, the note is void. Penton v. Williams, 163 Ala. 603, 51 So. 35; Id., 150 Ala. 153, 43 So. 211; Levy v. Bloch, 88 Ala. 290, 6 So. 833; Carlisle v. Campbell, 76 Ala. 247; Hamilton v. Adams, 214 Ala. 440, 108 So. 1.

RICE, J. This was a suit by appellant on a promissory waive note which purported to be executed by defendant (appellee) by mark, his signature purporting to be attested by one H. T. Camp.

Plaintiff's evidence, which was all that was introduced, tended to show: That the note in question was written out by Camp, defendant's name signed thereto by Camp (defendant being unable to write his name), and that defendant touched the pen while Camp made a cross-mark for defendant, thus: "P. C. X Hyde." Opposite defendant's signature in the place where subscribing witnesses' names would usually appear was the signature of H. T. Camp. Further, that the note was made payable to Armour Fertilizer Works, and that at the time it was taken plaintiff was the agent of said Armour Fertilizer Works, and that Camp was the employee and agent of plaintiff. Also that the note sued on was at the time of the institution of the suit, and the time of trial, the property of plaintiff. Defendant interposed a sworn plea of non est factum.

In the case of Penton v. Williams, 163 Ala. 603, 51 So. 35, it was held by the Su-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

preme Court that "where an action is upon an instrument in the form of a note, and the plea of non est factum is interposed, the plaintiff must show the execution of the instrument before it is admissible in evidence," and that "a promisee cannot become the agent of the promisor for the purpose of signing his name to a contract, and hence, the payee of an instrument in the form of a note could not sign the maker's name thereto and have the maker make his mark in the execution thereof." This holding seems to us to be exactly in point.

The trial judge having excluded the note here in question from the evidence, or refused to allow its introduction in evidence, and rendered judgment in favor of defendant, as stated in brief for appellant, the only question here is the propriety of his action in doing so.

[1, 2] If the payee in person could not sign the payor's name and make his mark for him, he could not do it by agent. Accordingly, we are of the opinion that the trial court's action was free from error, and the judgment is affirmed.

Affirmed.